BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
**ARDREDA JOHNSON**          -Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

*(Page 3 of 3 pages)*

**100195910003465096**          FNLC Form 33029L3 (04052005)

53

## INTEREST-ONLY ADDENDUM
## TO ADJUSTABLE RATE RIDER

PROPERTY ADDRESS: **7352 STONEHAVEN PLACE, RANCHO CUCAMONGA, CA 91730**

**THIS ADDENDUM** is made this **7th day of November 2006** and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum, executed by the undersigned and payable to

**FIRST NLC FINANCIAL SERVICES, LLC**

(the "Lender").

**THIS ADDENDUM** supersedes Sections 3(A), 3(B), and 4(C) of the Rider.  None of the other provisions of the Note are changed by this Addendum.

3.    **PAYMENTS**

(A)    **Time and Place of Payments**

I will pay interest by making payments every month for the first **60** payments (the "Interest-Only Period") in the amount sufficient to pay interest as it accrues.  I will pay principal and interest by making payments every month thereafter for the next **300** payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest-Only Period over the remaining term of the Note in equal monthly payments.

I will make monthly payments on the first day of each month beginning on **01/01/2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on **12/01/2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make payments at
**700 W. HILLSBORO BLVD. B-1 #204, DEERFIELD BEACH, FLORIDA 33441** ,
or at a different place if required by the Note Holder.

(B)    **Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **2,266.25** . This payment is based on the original principal balance of the Note.  This payment amount may change.

4.    **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(C)    **Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and One Quarter** percentage point(s) ( **6.250**%) to the Current Index for such Change Date.  Subject to the limits stated in Section 4(D), this amount will be my new interest rate until the next Change Date.

During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest.  This will be the amount of my monthly

l of 2

55

payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during the Interest-Only Period. If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance. At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest-Only Period, my payment amount will not be reduced due to voluntary prepayments.

ARDREDA JOHNSON

2 of 2

100195910003465096

FNLC Form 33033L2

55

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this **7th** day of **November 2006** ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to

**FIRST NLC FINANCIAL SERVICES, LLC**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

**7352 STONEHAVEN PLACE**
**RANCHO CUCAMONGA, CA  91730**

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

**NORTH VIEW HOA**
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium
Project (the "Owners Association") holds title to property for the benefit or use of its members or
shareholders, the Property also includes Borrower's interest in the Owners Association and the uses,
proceeds and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under
the Condominium Project's Constituent Documents. The "Constituent Documents" are the:
(i) Declaration or any other document which creates the Condominium Project; (ii) by-laws;
(iii) code of regulations; and (iv) other equivalent documents. Borrower shall promptly pay, when
due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Property Insurance.** So long as the Owners Association maintains, with a generally
accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is
satisfactory to Lender and which provides insurance coverage in the amounts (including
deductible levels), for the periods, and against loss by fire, hazards included within the term
"extended coverage," and any other hazards, including, but not limited to, earthquakes and floods,
from which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the
Periodic Payment to Lender of the yearly premium installments for property insurance on the
Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage
on the Property is deemed satisfied to the extent that the required coverage is provided by the
Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance
coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair
following a loss to the Property, whether to the unit or to common elements, any proceeds payable
to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by
the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

MULTISTATE CONDOMINIUM RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
**Form 3140 1/01**

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in pages 1 and 2 of this Condominium Rider.

_____(Seal)      _____(Seal)
**ARDREDA JOHNSON**        -Borrower                                    -Borrower


_____(Seal)      _____(Seal)
                          -Borrower                                    -Borrower


_____(Seal)      _____(Seal)
                          -Borrower                                    -Borrower

MULTISTATE CONDOMINIUM RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3140 1/01

ITEM 1623L2 (0011)                 *(Page 2 of 2 pages)*                 GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

57

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*)—Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

November 07, 2006  ……… CITY OF INDUSTRY  ……… California
[Date]  ……… [City]  ……… [State]

7352 STONEHAVEN PLACE
RANCHO CUCAMONGA, CA 91730

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 388,500.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is

**FIRST NLC FINANCIAL SERVICES, LLC**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.0000%. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on **January 01, 2007**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **December 01, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at

**FIRST NLC FINANCIAL SERVICES, LLC
700 W. HILLSBORO BLVD. B-1 #204, DEERFIELD BEACH, FL 33441**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $2,266.25. This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTE—LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*)—
Single Family

*(Page 1 of 4 pages)*

FNLC Form 3301BL1 (04052005)

5243611342
100195910003465096

58



## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of **December 2008** , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and One Quarter** percentage points ( **6.2500%**) to the Current Index. Subject to the limits stated in Section 4(D) below, this amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **10.0000%** or less than **7.0000%**. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One and One Half** percentage points ( **1.5000%**) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **14.0000%** or less than **7.0000%**.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY  THIS SECTION IS SUPERCEDED BY THE ATTACHED PREPAYMENT RIDE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7.  BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A)  Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     **Ten**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 11.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

60

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 4 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)          _____ (Seal)
ARDREDA JOHNSON                    -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                   -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                   -Borrower                                        -Borrower


*[Sign Original Only]*

WITHOUT RECOURSE, PAY TO THE ORDER OF CitiMortgage, Inc

BY _____
FIRST NLC FINANCIAL SERVICE, LLC
THOMAS CZOCHANSKI
VICE PRESIDENT, CFO

61



## INTEREST-ONLY ADDENDUM
## TO ADJUSTABLE RATE PROMISSORY NOTE

PROPERTY ADDRESS: **7352 STONEHAVEN PLACE, RANCHO CUCAMONGA, CA  91730**

THIS ADDENDUM is made this **7th**   day of  **November 2006**      and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum, executed by the undersigned and payable to
**FIRST NLC FINANCIAL SERVICES, LLC**
(the "Lender").

THIS ADDENDUM supersedes Sections 3(A), 3(B), 4(C) and 7(A) of the Rider.  None of the other provisions of the Note are changed by this Addendum.

3.    **PAYMENTS**

    (A)    **Time and Place of Payments**

        I will pay interest by making payments every month for the first   **60**    payments (the "Interest-Only Period") in the amount sufficient to pay interest as it accrues.  I will pay principal and interest by making payments every month thereafter for the next   **300**    payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest-Only Period over the remaining term of the Note in equal monthly payments.

        I will make monthly payments on the first day of each month beginning on **01/01/2007** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal.  If, on **12/01/2036** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

        I will make payments at
**700 W. HILLSBORO BLVD. B-1 #204, DEERFIELD BEACH, FLORIDA  33441**                 ,
or at a different place if required by the Note Holder.

    (B)    **Amount of My Initial Monthly Payments**

        Each of my initial monthly payments will be in the amount of U.S.  **$2,266.25**     .  This payment is based on the original principal balance of the Note.  This payment amount may change.

4.    **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

    (C)    **Calculation of Changes**

        Before each Change Date, the Note Holder will calculate my new interest rate by adding
        **Six and One Quarter**      percentage point(s) (     **6.250%**) to the Current Index for such Change Date.  Subject to the limits stated in Section 4(D), this amount will be my new interest rate until the next Change Date.

        During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly

1 of 2

62

 

payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during the Interest-Only Period. If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance. At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest-Only Period, my payment amount will not be reduced due to voluntary prepayments.

7.   **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A)   **Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of     **Ten** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment on interest during the Interest-Only Period, and **5.0000%** of my overdue payment of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

_____   _____
**ARDREBA JOHNSON**

_____   _____

_____   _____

10019591000345096                                    FNLC Form 33034L2

63

# PREPAYMENT RIDER
## {ATTACH TO NOTE}

This Prepayment Rider is made this **7th** day of **November 2006**, and is incorporated into and shall be deemed to amend and supplement the note of even date herewith given by the undersigned ("Borrower") to
**FIRST NLC FINANCIAL SERVICES, LLC**
("Lender") in the original principal sum of **$ 388,500.00** hereinafter called the "Note", which Note is secured by the Security Instrument of even date herewith, hereinafter called the "Mortgage", which Mortgage covers the property described as follows:

See Attached Legal Description

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, the Borrower and Lender further covenant and agree as follows:

PREPAYMENT. Unless otherwise prohibited by law, and if prohibited by law then the maximum prepayment penalty allowed under law shall be applied, I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Lender or any subsequent holder of the Note (the "Note Holder") in writing that I am doing so. However, if I fail to do so, the Note Holder may in its discretion apply as a prepayment the portion of my payment which exceeds the payment and charges due the Note Holder at that time. If I make a full prepayment or a partial prepayment, I will pay the prepayment charges set forth below. I shall incur a prepayment charge, as permitted by law, if within **2** year(s) of the execution of the Note and the deed of trust secured by the Note I prepay an amount in excess of 20 percent of the Note's original principal balance in any 12-month period. The prepayment charge shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the unpaid principal balance of the Note. The Note Holder will use all of my prepayments to reduce the amount of the principal that I owe under the Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

CONFLICT IN PROVISIONS. In the event that any of the terms, conditions and covenants contained in this Prepayment Rider shall be in conflict with any terms, conditions and covenants contained in the Note, the terms conditions and covenants in this Prepayment Rider shall supercede and control those contained in the Note.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_____ (Seal)    _____ (Seal)
ARDREDA JOHNSON

_____ (Seal)    _____ (Seal)

_____ (Seal)    _____ (Seal)

100195910003465095

FNLC Form 33099L0
Prepay Rider CA

# NOTE ALLONGE

HM·  PMIIIC·
10000391145

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Number: 0771485135**

**Loan Date: 11/7/2006   Original Loan Amount: $ 388,500.00**

**Originator:  FIRST NLC FINANCIAL SERVICES, LLC**
**Original Mortgagor:  ARDREDA JOHNSON**
**Property Address: 7352 STONEHAVEN PLACE, RANCHO CUCAMONGA, CA 91730**

Pay to The Order of

_____

Without Recourse

Id No:  *11052318*

CITIMORTGAGE, INC.

By: _____

M. Mathews, Vice President

65



Certified Forensic Loan Auditors

## SECURITY DESCRIPTION

Key credit trigger test failed and credit reserves appear to have been depleted in this investment class within trust



## STRUCTURED FINANCE NOTES SCREEN

Lists the primary parties to the securitization transaction/ <u>Bear Stearns Financial Products, Inc.</u> <u>may have at least partially offset the risks and losses of ownership through the use of credit default</u> <u>swaps.</u>



Page | 28

*COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2011*
*-All Rights Reserved-*



**Certified Forensic Loan Auditors**

## DESCRIPTION OF SECURITY FROM BLOOMBERG



## DEAL DESCRIPTION

*COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2011*
*-All Rights Reserved-*



Certified Forensic Loan Auditors

# AFFIDAVIT OF FACTS

STATE OF _____ )
                               ) ss.: AFFIDAVIT
COUNTY OF _____ )

## RE: ARDREDA JOHNSON

I, MICHAEL CARRIGAN, a citizen of the United States and the State of California over the age of 21 years, and declare as follows, under penalty of perjury that the facts stated herein are true, correct and complete. The undersigned believes them to be true and admissible as evidence in a court of law, and if called upon as a witness, will testify as stated herein:

1. That I am a subscriber of the Bloomberg Professional Service, certified and licensed to use such service. I have completed the required training and engaged in continuing education with Bloomberg – both online and at Bloomberg live training events, to stay abreast with Bloomberg's latest progress and developments. I have the requisite knowledge and the trained ability to navigate and perform effective searches on the Bloomberg terminal.

2. I am a Certified Mortgage Securitization Auditor and my qualifications, expertise and experience provide me with the background necessary to certify the audit services and to be qualified as an expert in this field. I have produced approximately one thousand seven hundred Securitized Analysis Reports in residential real estate mortgage investigation in 40 states and Puerto Rico, have testified as an expert witness, and have trained auditors in California, Florida, Nevada, New York and Virginia and via the Internet in webinar format.

3. I have the trained skills and qualifications to navigate and perform searches on the Bloomberg terminal in regards to the automated tracking and determination of mortgage and loan related documents and information.

4. The contents of this report are factual, but it is provided for information purposes only and is not to be construed as "legal advice."[1]

---

[1] The client has been strongly advised to seek legal consultation from a competent legal professional in connection with the contents of this report and how to properly use it.

COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2011

68



Certified Forensic Loan Auditors

5.    On April 14, 2014, researched the Bloomberg online Database at the request of ARDREDA JOHNSON whose property address is 7352 Stonehaven place  Rancho Cucamonga  CA 91730

6.    Based on the information I was provided, ARDREDA JOHNSON signed a Promissory Note in favor of FIRST NLC FINANCIAL SERVICES  LLC on November 07, 2006.

7.    Loan level detail was not identified in any publically reporting trust.  A trust meeting the qualifications for securitization is identified as the CITIGROUP MORTGAGE LOAN TRUST 2006-AR9 with the Master Servicer being CITIMORTGAGE, INC.; the Sponsor / Seller being CITIGROUP GLOBAL MARKETS REALTY CORP. and the Depositor being CITIGROUP MORTGAGE LOAN TRUST INC.

8.    The basis of the identification of Loan in CITIGROUP MORTGAGE LOAN TRUST 2006-AR9 was made from the following factors/information that exactly correspond with ARDREDA JOHNSON'S loan documents provided: Original Amount: $388,500.00; Origination Date: November 07, 2006; Location of Property: CA; Property Type: Single Family Residence; Occupancy: Owner Occupied; Zip Code: 91730; Type Loan: Variable 30 Year Loan.

9.    Generally, if the Deed of Trust and the Note are not together with the same entity, there can be no legal enforcement of the Note. The deed of trust enforces the Note and provides the capability for the lender to foreclose on the property. Thus, if the Deed of Trust and the Note are separated, foreclosure legally cannot occur. The Note cannot be enforced by the Deed of Trust if each contains a different mortgagee/beneficiary; and, if the Deed of trust is not itself a legally enforceable instrument, there can be no valid foreclosure on the homeowners' property.

10    No Entity can be a CREDITOR if they do not hold/own the asset in question (i.e. the NOTE and/or the property); a Mortgage Pass Through Trust (i.e. R.E.M.I.C., as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets. for if they do, their tax exempt status is violated and the Trust itself is void ab initio.  Therefore, either the Trust has either voided its intended Tax Free Status, or the asset is not in fact owned by it.

11.    In the event that the loan was sold, pooled and turned into a security, the alleged holder can no longer claim that it is a real party of interest, as the original lender has been paid in full.

12    Further said, once the Note was converted into a stock, or stock equivalent, it is no longer a Note. If both the Note and the stock, or stock equivalent, exist at the same time, that is known as double dipping. Double dipping is a form of securities fraud.

13.    Once a loan has been securitized which the aforementioned loan may have been done many times  it forever loses its security component (i.e., the Deed of Trust), and the right to foreclose

COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS. LLC COPYRIGHT 2011

69



Certified Forensic Loan Auditors

through the Deed of Trust is forever lost

14.   The Promissory Note may have been converted into a stock as a permanent fixture. It is now a stock and governed as a stock under the rules and regulations of the SEC; hence the requirement for the filings of the registration statements, pooling and servicing agreements, form 424B-5, et al. There is no evidence on Record to indicate that the Deed of Trust was ever transferred concurrently with the purported legal transfer of the Note, such that the Deed of Trust and Note has been irrevocably separated, thus making a nullity out of the purported security in a property, as claimed (Federal Rules of Evidence Rules 901 & 902).

15   Careful review and examination reveals that this may be a securitized loan. The Assignments of Mortgage pretended to be an A to D transaction when in fact the foreclosing party was hiding the A to B, B to C, and C to D facts of true sales, where A is the original lender, B the sponsor/seller, C the bankruptcy-remote depositor, and D, the issuing mortgage-backed securities trust. They also hid the legal SEC filings, governing the transaction according to our findings. But to be controlled by those SEC filings, the true original loan Note and Deed of Trust had to be provided by the Document Custodian certified to have been in possession of them by them on or about November 30, 2006. Because it was not, the claim of ownership by the Trust cannot be substantiated and the loan servicing rights not established at law by agreement. I supply this report as written testimony and am available for oral testimony.

By:

Michael Carrigan
Certified Mortgage Securitization Auditor / Bloomberg Specialist

COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS, LLC COPYRIGHT 2011

70



Certified Forensic Loan Auditors

STATE OF CALIFORNIA      )
                         ) ss: ACKNOWLEDGEMENT
COUNTY OF ORANGE         )

On April 15 2014 before me, _Munawar___Arif___Lakhani___

(Notary Public)

personally appeared **MICHAEL CARRIGAN** who proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument under the penalty of perjury

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____ (Seal)

My commission Expires _____ JAN 19 2017

MUNAWAR ARIF LAKHANI
COMM. #2004648
Notary Public . California
Orange County
My Comm. Expires Jan. 19, 2017

COPYRIGHT 2011 CERTIFIED FORENSIC LOAN AUDITORS LLC COPYRIGHT 2011

71

Recorded in Official Records, County of San Bernardino          6/08/2011
                                                                8:00 AM

**DENNIS DRAEGER**                                              BGJ
ASSESSOR — RECORDER — CLERK

691  First American

| Doc#: **2011 – 0230312** | Titles: 1 | Pages: 3 |
|---|---|---|
| | Fees | 33.00 |
| | Taxes | 0.00 |
| | Other | 0.00 |
| | PAID | $33.00 |

Person requesting recording:
CitiMortgage Inc.
0801 Colwell Blvd
Irving, TX  75039

When recorded mail to:
CitiMortgage, Inc.
1000 Technology Drive, MS 321
O'Fallon, MO 63368-2240

APN: 0227-831-17-0-000

_____

SPACE ABOVE THIS LINE FOR RECORDERS USE

### ASSIGNMENT OF DEED OF TRUST

**KNOW ALL MEN BY THESE PRESENTS:**

That **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, a Delaware corporation, whose mailing address is ,
P.O. Box 2026, Flint, MI 48501-2026, as nominee for FIRST NLC FINANCIAL SERVICES. LLC its successors and assigns,
herein designated as the Assignor, for and in consideration of the sum of TEN and 00/00 ($10.00) DOLLARS and other good and
valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set
over unto CITIMORTGAGE, INC., whose mailing address is 1000 Technology Drive, O'Fallon, MO 63368-2240, herein
designated as the Assignee, that certain mortgage Records SAN BERNARDINO County, California and encumbering the
property more particularly described as follows: executed by ARDREDA JOHNSON. AS A SINGLE WOMAN dated
11/07/2006 filed 11/20/2006 and recorded in Official Records INS-2006-0788066, of the Public

AS PER LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF BY REFERENCE

TO HAVE AND TO HOLD the same unto the said Assignee, its successors and assigns forever.          See Exhibit "A" Attached

*[Remainder of page left intentionally blank; signature page immediately follows]*

72

IN WITNESS WHEREOF, the said Assignor has caused these presents to be executed in its name on May 23, 2011

Dated: 5/23/11

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
**a Delaware corporation**

By: _Hetal Patel_
    _HETAL PATEL_ _____ Assistant Secretary

STATE OF TEXAS          )
                        )ss
COUNTY OF DALLAS        )

On _May 23, 2011_ before me, _Brandon Joseph Breshears_ the undersigned Notary Public, personally appeared _Hetal Patel_ Assistant secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

MIN: 100195910003465096          MERS Phone: 1-888-679-6377

BRANDON JOSEPH BRESHEARS
My Commission Expires
March 15, 2015

13

## Exhibit "A"

### ATTACHMENT

All that certain real property in the County of SAN BERNARDINO, State of California, described as follows:

PARCEL 1:

LOT(S) 17 OF TRACT NO. 14407, IN THE CITY OF RANCHO CUCAMONGA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 248 PAGE(S) 14 THROUGH 19 INCLUSIVE, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY ON MAY 26, 1992;

EXCEPTING THEREFROM NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, MAINTENANCE, DRAINAGE, REPAIR, ENCROACHMENT, SUPPORT, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION OF RESTRICTIONS OF NORTHVIEW PLANNED DEVELOPMENT, RECORDED ON AUGUST 12, 1992, AS INSTRUMENT NO. 92-334969 IN THE OFFICIAL RECORDS OF SAID COUNTY AND ALL AMENDMENTS, MODIFICATIONS, OR SUPPLEMENTS THERETO (HEREINAFTER THE "DECLARATION").

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS GRANTED TO WESTERN SUPPLY CORP. BY DEED RECORDED SEPTEMBER 17, 1979, IN BOOK 9772, PAGE 1262, OFFICIAL RECORDS.

EXCEPTING THEREFROM ALL MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL UNDERGROUND WATER IN OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH UNDERLIES A PLANE PARALLEL TO AND 500 FEET FROM THE PRESENT SURFACE OF SAID LAND FOR THE PURPOSE OF PROSPECTING FOR, THE EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER FROM SAID LAND BY MEANS OF MINES, WELLS, DERRICKS, OTHER EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF THE ABOVE DESCRIBED LAND, IT BEING UNDERSTOOD THAT THE OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER UPON THE SAID LAND OR ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF THE SAID LAND FOR ANY PURPOSE WHATSOEVER.

PARCEL NO. 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENCROACHMENT, DRAINAGE, REPAIR, MAINTENANCE, SUPPORT, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION.

PARCEL NO. 3:

NON-EXCLUSIVE EASEMENT ON AND OVER THE "COMMON AREA", AS DEFINED IN THE DECLARATION OR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS TO, AND EGRESS FROM THE AMENITIES LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION. THIS EASEMENT IS APPURTENANT TO PARCEL 1 ABOVE DESCRIBED. THE COMMON AREA IS FOR THE USE OWNERS OF LOTS WHICH ARE SUBJECT TO THE DECLARATION AND IS NOT FOR THE USE OF THE GENERAL PUBLIC.

APN No: 0227-831-17-0-000

74



**PennyMac**
PennyMac Loan Services, LLC

P.O. Box 514387
Los Angeles CA 90051-4387

Date: September 30, 2011

0001024-0001294 890315

Ardreda Johnson
7352 Stonehaven Pl
Rch Cucamonga CA 91730

**Loan Number:** 1000039145
**Property Address:** 7352 Stonehaven Pl
Rancho Cucamonga CA 91730

Dear Ardreda Johnson,

**Your delinquent home loan is now managed by PennyMac.**
This letter serves as an official notification of the transfer of your loan to PennyMac Loan Services, LLC (PennyMac), which is effective September 26, 2011. The transfer of loans is common in the mortgage industry, and does not change the terms of your loan.

**Start sending your payments to PennyMac.**
Our records show that payments on your home loan are now seriously past due. Your next payment is due to PennyMac on February 01, 2011. See the reverse side of this letter for ways to make your payment and other important information on managing your loan.

**You may have options to avoid foreclosure.**
You may have received an official Notice of Intent to Foreclose, but you may still have a short window of time to consider some options before foreclosure begins:

* Repayment Plan or Forbearance Plan allows you to repay your past-due amounts over time.

* Loan Modification is your best option if you want to stay in your home, are unable to make the current payment but could make reasonable payments toward your loan. PennyMac may be able to restructure your loan to make your payments more affordable.

* Short Sale may be right if you owe more on your loan than your home is worth and you are unable to make your payments. With a short sale, PennyMac allows you to sell your home for an approved amount that may be less than your outstanding debt, and you may receive cash to help with relocation.

* Deed-in-Lieu of Foreclosure may be a good alternative to foreclosure if you are unable to find a buyer. You sign over the property deed to PennyMac and walk away from all associated debts and fees. You may receive cash to help with relocation.

**Please call (866) 545-9070 to discuss your options.**
Since you are already several payments behind, the window of opportunity is short. We cannot help if you do not call, so call (866) 545-9070 today.

Sincerely,

*PennyMac Loan Services, LLC*

---

## Your Home Loan Has Been Transferred to PennyMac

### You must take immediate action!

# Call Toll Free
# 1-866-545-9070

**Phone:**
Toll Free (866) 545-9070
Se Habla Espanol

**Hours:**
Mon - Fri: 7am -6pm (PST)
Sat: 7am -11 am (PST)

**Email:**
Service@PennyMacUSA.com

**Website:**
www.PennyMacUSA.com

**Send Payments To:**
P.O. Box 30597
Los Angeles, CA 90030-0597

Equal Housing Lender ©2011 PennyMac Loan Services, LLC, 27001 Agoura Road, Calabasas, CA 91301, (866) 545-9070. Trade/service marks are the property of PennyMac Loan Services, LLC and/or its subsidiaries. Licensed by the Department of Corporations under the California Residential Mortgage Lending Act; Illinois Residential Mortgage Licensee #MB 8760595. Minnesota: This is not an offer to enter into an agreement. Any such offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4); Washington Consumer Loan License #520-CL-48635. Some products may not be available in all states. Information, rates and pricing are subject to change. This is an attempt to collect a debt and any information obtained will be used for that purposes. See enclosed important information.

75

WELCOMEACQDLQ2


PennyMac Loan Services, LLC

# Quick Start Guide to Managing Your PennyMac Loan

| Register Online | Make Your Payments to PennyMac |
|---|---|
| **Once your loan is brought current, you can manage your home loan online:**<br><br>• Go to the "My Account" tab on PennyMacUSA.com and click on "Register"<br><br>• Enter the requested information, then click "submit" to process your registration<br><br>• Once registered, you can check your account status at your convenience, day or night, seven days a week | **There are several ways to make your payment:**<br>• By going online at PennyMacUSA.com<br><br>• Using our automated phone service by calling **(866) 545-9070**<br><br>• Mailing a check payable to PennyMac to:<br>**P.O. Box 30597**<br>**Los Angeles, CA 90030-0597**<br><br>• Signing up for Automatic Electronic Payments |
| **Sign Up for Automatic Electronic Payments** | **Contact Your Insurance Carrier** |
| An automatic electronic payment, also known as an ACH debit, is an easy, efficient way to make your home loan payments through automatic deductions from your designated bank account.<br><br>The electronic payment instructions you provided to your former servicer will not transfer. To sign up for this service, fill out the short application in this package. | If you have funds escrowed for taxes and insurance, your escrow balances were transferred to us from your previous lender.<br><br>However, you must notify your insurance carrier that your loan has transferred to PennyMac and provide the following address for billing purposes:<br><br>**PennyMac Loan Services**<br>**P.O. Box 29247**<br>**Phoenix, AZ 85038**<br>**Fax: (866) 793-4723** |

## ☎ Questions about the transition? Call us toll-free at (866) 545-9070

We are required to provide the following information under federal law: This notification is a requirement of Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605).

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer. The new servicer must also send you a similar notice no later than 15 days after the effective date. You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (U.S.C. 2605): During the 60-day period following the effective date of the transfer of loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights whether or not your loan servicing is being transferred. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of the receipt of your request. A "qualified written request" is written correspondence other than notice on a coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reason for the request.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During the 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. Section 6 of RESPA also provides for damages and costs for individuals or classes or individuals in circumstances where servicers are shown to have violated the requirements of that Section.

WELCOMEACQDLQ2

0001024-0001295

76



## State-Specific Collection Notices

The following states require that disclosures be given to residents of those states in certain circumstances. You may also have rights in those or other states not specifically mentioned below. Note that if you are delinquent on your payments, any information that you provide us or that we collect will be used for debt collection purposes.

If you are a **CALIFORNIA** Resident:
AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. BUT, WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS OBLIGATION UNTIL THE EXPIRATION OF ANY TIME PERIOD DESCRIBED. THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8AM OR AFTER 9PM. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGEMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP or www.ftc.gov.

If you are a **COLORADO** Resident:
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. PENNYMAC'S COLORADO OFFICE LOCATION: 717 SEVENTEENTH STREET, SUITE 2300, DENVER, COLORADO 80202, (866) 436-4766.

If you are a **MAINE** Resident:
PENNYMAC OPERATING HOURS ARE 7:00 A.M. UNTIL 6:00 P.M. PACIFIC TIME MONDAY THROUGH FRIDAY AND 7:00 AM UNTIL 11:00 AM PACIFIC TIME SATURDAY. YOU MAY CONTACT OUR OFFICE DURING BUSINESS HOURS BY CALLING (866) 545-9070.

If you are a **MINNESOTA** Resident:
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

If you are a **NEW YORK** Resident:
THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096. THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910.

If you are a **UTAH** Resident:
AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. BUT, WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS OBLIGATION UNTIL THE EXPIRATION OF ANY TIME PERIOD DESCRIBED.

## Notice to PennyMac Customers Currently in Foreclosure

1. If your home is currently in foreclosure and you wish to apply for the federal government's loan modification program (**HAMP**), you must contact us at least 7 days prior to foreclosure sale.
2. All HAMP applications received less than 1 month from a scheduled foreclosure date must contain all required documentation in order to be considered for a modification (HAMP), or a foreclosure alternative (HAFA) program. If you are not able to provide all required documentation, you must include a written explanation for all missing documentation.

## Licensing Information

Equal Housing Lender. © 2008-2011 PennyMac Loan Services, LLC, 27001 Agoura Road, Calabasas, CA 91301, 818-224-7442. Trade/service marks are the property of PennyMac Loan Services, LLC, and /or its subsidiaries. NMLS ID #35953.

Licensed by the Department of Corporations under the California Residential Mortgage Lending Act; Illinois Residential Mortgage Licensee #MB.6760595. Minnesota: This is not an offer to enter into an agreement. Any such offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4); Washington Consumer Loan License #520-CL-48635. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. For a complete listing of state licenses, please visit our website at http://www.pennymacusa.com/licenses.php.                    WELCOMEACQDLQ2

0001024-0001296



**PennyMac®**
PennyMac Loan Services, LLC

## Privacy Notice
### Your Privacy is Important

1000039145

The main goal of PennyMac* is to help you maintain and protect the ownership in your home. This notice explains how we protect and use your personal information in a safe, secure and responsible manner. What you need to know in brief:

- We do not sell customer information to third parties.
- We offer you products or services at a lower cost or with greater convenience by sharing limited information within PennyMac and with carefully selected business partners.
- We do not share customer information with affiliates except to provide existing services to you.

### How We Obtain and Use Information

To service and manage your loan, comply with government regulations, improve our products and services, and better understand your financial situation and needs, we collect and maintain customer and former customer data. We collect information:

- you provide us on applications, other forms, or verbally over the phone (such as your Social Security, account and phone numbers, assets, income and employment history);
- about your transactions with us (such as your loan balance, payment history and other account information);
- about your credit history from a credit reporting agency and
- About you or your property from business partners and service providers (such as a property appraisal or purchase contracts).

We only disclose this data to third parties that assist us in providing vital services to you (such as credit reporting agencies, regulators, data processing providers, loan investors, and monthly statement vendors). These service providers are contractually bound to keep the information confidential and not use it for any other purpose.

### Your Options Under This Notice

You may limit how we share your personal information. This is called a right to "opt out". You have two options to consider:

1. Continue receiving product and services offers without taking any action
2. Opt out of information sharing. If you want to opt out, please call us toll-free at (866) 545-9070. Please have your account and billing information available when you call.

If you opt out we will continue to share non-public personal information with our service providers (such as monthly statement vendors), and with third parties as required or permitted by law (such as credit reporting agencies).

**Notice to CA Residents:** We will provide a separate short form notice describing the rights of California residents to opt out under California law, including rights to opt-out of affiliate sharing. We will only share non-public personal information as required or permitted by law.

**Notice to ND Residents:** We will only share information with our service providers and with third parties as required or permitted by law. We may also disclose your non-public personal information with your written consent.

**Notice to VT Residents:** We will not share non-public personal information with anyone except our service providers and third parties as required or permitted by law. We will share transaction and experience information (such as your loan balance and payment history) within the PennyMac family of companies.

### How We Protect Your Information

We strive to safeguard your data. We do this by:

- setting policies and procedures for carefully handling your information;
- limiting employee access to sensitive information;
- protecting against unauthorized access to customer data using data encryption, authentication, and virus detection technology;
- requiring service providers who do business with us to comply with privacy laws;
- auditing company security practices;
- conducting background checks on all employees and providing privacy guidelines after hiring.

* This privacy notice applies to PennyMac Loan Services, LLC; PennyMac Capital Management, LLC; PNMAC Mortgage Opportunity Fund Investors, LLC; Private National Mortgage Acceptance Company, LLC; and PNMAC Mortgage Co., LLC.

Questions about your privacy?

☎ Call us at **(866) 545-9070** <u>or</u>
✆ Email us at **Service@PennyMacUSA.com**

**Effective Date: September 5, 2008**

0001024-0001297

78



P.O. Box 514387
Los Angeles, CA 90051-4387

| **Debt Validation Notice** |

September 30, 2011

0000201-0000401 890316

Ardreda Johnson
7352 Stonehaven Pl
Rch Cucamonga CA 91730

Re:     Loan Number: 1000039145
        7352 Stonehaven Pl Rancho Cucamonga CA 91730

Dear Ardreda Johnson:

Under the Fair Debt Collection Practices Act ("FDCPA") and certain state laws, PennyMac Loan Services, LLC, as the servicer of your mortgage loan, is considered a debt collector, and any information obtained will be used for that purpose. As a result, we are sending you the following FDCPA Notice containing important information about your loan and your rights under applicable federal and state law. Please see the reverse side for additional information.

This letter is to inform you that as of the date of this Notice, the debt you owe is $423,760.77. Because of interest, late charges, and other amounts that may come due and may be subject to change, the amount due may be greater. Therefore, if you pay the amount shown above to pay off your loan in full, an adjustment may be necessary after we receive your payment, in which event we will inform you or your agent before accepting the payment.

The name of the creditor to whom the debt is owed is PennyMac Mortgage Opportunity Fund Investors, LLC. Please note that PennyMac Loan Services, LLC does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.

Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt, or any portion thereof, PennyMac Loan Services, LLC will assume the debt to be valid. If, within this thirty (30) day period, you notify PennyMac Loan Services, LLC in writing at the address below that you dispute the debt, or any portion thereof, we will obtain and mail to you verification of the debt. Furthermore, upon your written request within the thirty (30) day period, PennyMac Loan Services, LLC will provide the name and address of the original creditor if it is different from the current creditor.

PennyMac Loan Services, LLC
Loan Administration
P.O.Box 514387
Los Angeles, CA 90051-4387

If you have additional questions please call our Customer Service Department at (866) 545-9070. Our office hours are 7:00 AM to 6:00 PM PST, Monday through Friday, 8:00 AM to 11:00 AM, Saturday PST.

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

DebtValidation

79



## PennyMac
PennyMac Loan Services, LLC

### State-Specific Collection Notices

The following states require that disclosures be given to residents of those states in certain circumstance may also have rights in those or other states not specifically mentioned below. Note that if you are delinquent on your payments, any information that you provide us or that we collect will be used for debt collection purposes.

If you are a **CALIFORNIA** Resident:
AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. BUT, WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS OBLIGATION UNTIL THE EXPIRATION OF ANY TIME PERIOD DESCRIBED. THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8AM OR AFTER 9PM. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGEMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP or www.ftc.gov.

If you are a **COLORADO** Resident:
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. PENNYMAC'S COLORADO OFFICE LOCATION: 717 SEVENTEENTH STREET, SUITE 2300, DENVER, COLORADO 80202, (866) 436-4766.

If you are a **MAINE** Resident:
PENNYMAC OPERATING HOURS ARE 7:00 A.M. UNTIL 6:00 P.M. PACIFIC TIME MONDAY THROUGH FRIDAY AND 7:00 AM UNTIL 11:00 AM PACIFIC TIME SATURDAY. YOU MAY CONTACT OUR OFFICE DURING BUSINESS HOURS BY CALLING (866) 545-9070.

If you are a **MINNESOTA** Resident:
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

If you are a **NEW YORK** Resident:
THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096. THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910.

If you are a **UTAH** Resident:
AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS. BUT, WE WILL NOT SUBMIT A NEGATIVE CREDIT REPORT TO A CREDIT REPORTING AGENCY ABOUT THIS OBLIGATION UNTIL THE EXPIRATION OF ANY TIME PERIOD DESCRIBED.

### Notice to PennyMac Customers Currently in Foreclosure
1. If your home is currently in foreclosure and you wish to apply for the federal government's loan modification program (HAMP), you must contact us at least 7 days prior to foreclosure sale.
2. All HAMP applications received less than 1 month from a scheduled foreclosure date must contain all required documentation in order to be considered for a modification (HAMP), or a foreclosure alternative (HAFA) program. If you are not able to provide all required documentation, you must include a written explanation for all missing documentation.

### Licensing Information



Equal Housing Lender. © 2008-2011 PennyMac Loan Services, LLC, 27001 Agoura Road, Calabasas, CA 91301, 818-224-7442. Trade/service marks are the property of PennyMac Loan Services, LLC, and /or its subsidiaries. NMLS ID #35953.

Licensed by the Department of Corporations under the California Residential Mortgage Lending Act; Illinois Residential Mortgage Licensee #MB.6760595. Minnesota: This is not an offer to enter into an agreement. Any such offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4); Washington Consumer Loan License #520-CL-48635. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. For a complete listing of state licenses, please visit our website at http://www.pennymacusa.com/licenses.php.

DebtValidation

0000201-0000402

Recorded in Official Records, County of San Bernardino



**DENNIS DRAEGER**
ASSESSOR — RECORDER — CLERK

691 First American

2/15/2012
8:00 AM
FV

Doc#: **2012—0060604**

| Titles: | 1 | Pages: | 1 |
|---|---|---|---|
| Fees | | | 18.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $18.00 |

Recording requested by:

When recorded mail to:

PennyMac Loan Services, LLC
6101 Condor Drive
Suite 200
Moorpark, CA 93021

Space above this line for recorders use

APN: **0227-831-17-0-000**
TS No.: **CA-11-449651-AB**
Order No.: **5524581**

## Assignment of Deed of Trust

For value received, the undersigned hereby grants, assigns, and transfers to

**PNMAC Mortgage Opportunity Fund Investors, LLC**

All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated **11/7/2006** executed by **ARDREDA JOHNSON, AS A SINGLE WOMAN**, as Trustor(s) to **JEFFREY M HENSCHEL**, as Trustee and recorded as Instrument No. **2006-0788066**, on **11/20/2006**, of Official Records in the office of the County Recorder of **SAN BERNARDINO** County, **CA,** that secures the underlying promissory note.

Dated:    FEB 0 6 2012

CitiMortgage, Inc.

By: _____
Attorney-in-Fact
**Javier Huancas**

State of: Califomia )
                     Ventura       ) ss.
County of: _____ )

On   FEB 0 6 2012   before me,   **Diana V Ramos**   a notary public, personally appeared   **Javier Huancas**   , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of   California   that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.    (Seal)

DIANA V. RAMOS
Commission # 1947285
Notary Public - California
Los Angeles County
My Comm. Expires Aug 7. 2015

81

RECORDED AT THE
REQUEST OF
RETURN TO:
M. E. Wileman
Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake, TX 76092



Recorded in Official Reco...s, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR − RECORDER − CLERK

**R  Regular Mail**

Doc#:  **2012−0138404**

4/11/2012
2:13 PM
FV

| | | |
|---|---|---|
| Titles: | 1 | Pages: | 1 |

| | |
|---|---|
| Fees | 18.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $18.00 |

## Assignment of Deed of Trust          Send Any Notices To Assignee

For Valuable Consideration, the undersigned, **CITIMORTGAGE, INC.  4050 REGENT BLVD, MS N2A-222, IRVING, TX 75063 (Assignor)** by these presents does assign and set over, without recourse, to **PENNYMAC CORP.  27001 Agoura Rd, Calabasas, CA 91301 (Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **ARDREDA JOHNSON, AS A SINGLE WOMAN** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) AS NOMINEE FOR FIRST NLC FINANCIAL SERVICES, LLC, ITS SUCCESSORS AND ASSIGNS.   Said mortgage **Dated: 11/7/2006** is recorded in the **State of CA, County of San Bernardino on 11/20/2006, Document # 2006-0788066 AMOUNT: $ 388,500.00**     Property Address: 7352 STONEHAVEN PLACE, RANCHO CUCAMONGA, CA 91730

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on:  March 15, 2012
CITIMORTGAGE, INC.

By: _____
M. Arndt, Vice President

JOHNSON   OFG2 *12010566*

State of Texas, County of Tarrant
      Before me, Julie Bacon, Notary Public, personally appeared, M. Arndt, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 03/15/2012.

Notary public, Julie Bacon
My commission expires: November 30, 2014

> **JULIE BACON**
> MY COMMISSION EXPIRES
> November 30, 2014

CA  San Bernardino                    WL39/CITICAP/ASMT

82

Electronically Recorded in Official Records, County of San Bernardino   4/15/2014
03:44 PM
NP

**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
**691  First American**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117

Doc #: **2014-0134085**

| | |
|---|---|
| Titles: | 1 |
| Pages: | 2 |
| Fees | 21.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 21.00 |

SS-24581

SPACE ABOVE THIS LINE FOR RECORDER S USE

TS No.: **P1370585-CA**   Loan No.: *********5

## SUBSTITUTION OF TRUSTEE

WHEREAS, **ARDREDA JOHNSON, AS A SINGLE WOMAN** was the original Trustor, **JEFFREY M. HENSCHEL** was the original Trustee, and **FIRST NLC FINANCIAL SERVICES, LLC** was the original Beneficiary under that certain Deed of Trust dated **11/7/2006** and recorded on **11/20/2006, as Instrument No. 2006-01788066**, of Official Records of **San Bernardino** County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes **CLEAR RECON CORP.**, whose address is **4375 Jutland Drive Suite 200, San Diego, California 92117,** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 7|23|13

**PNMAC Mortgage Opportunity Fund Investors, LLC. By: PNMAC Capital Management, LLC its Managing Member By: PennyMac Loan Services, LLC, its attorney-in-fact**

**Brett Gernon**

**Authorized Representative**

State of CALIFORNIA   } ss.
County of VENTURA   }

On 7|23|13 _____ before me, Frank Michael Hoff (Notary Public) _____ personally appeared _____ Brett Gernon _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of said State that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

FRANK MICHAEL HOFF
Commission # 1922568
Notary Public - California
Los Angeles County
My Comm. Expires Jan 21, 2015

83

## GOVERNMENT CODE 27361.7

I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: ___FRANK MICHAEL HOFF___

Date Commission Expires: ___JAN 21, 2015___

Notary Commission Number: ___1922568___

Manufacturer or Vendor Number: ___NNA1___
(located on both sides of the notary seal border)

County and State of Commission: ___LOS ANGELES, CA___

Date: __4/15/2014__

_____
Signature

___D.P.S.___
(Firm name, if applicable)

h:govcode.dot

84

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117

Electronically Recorded in Official Records, County of San Bernardino   4/15/2014
03:44 PM
NP

**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
691 First American

Doc #: **2014-0134086**

| | | |
|---|---|---|
| Titles: | 1 | Pages: 4 |
| Fees | | 27.00 |
| Taxes | | .00 |
| Other | | .00 |
| PAID | | 27.00 |

APN: 0227-831-17-0-000
T.S. No.: P1370585-CA
Property Address: 7352 STONEHAVEN PLACE,
RANCHO CUCAMONGA, CALIFORNIA 91730 ,

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Title Order No.: 5524581

# NOTICE OF DEFAULT

Pursuant to CA Civil Code 2923.3
**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $64,594.00 as of 4/11/2014, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.

CRC NOD 12312013

Trustee Sale No.: **P1370585-CA**  Title Order No.: **5524581**

However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

PNMAC Mortgage Opportunity Fund Investors, LLC. By: PNMAC Capital Management, LLC its Managing Member By: PennyMac Loan Services, LLC, its attorney-in-fact
C/O Clear Recon Corp.
4375 Jutland Drive Suite 200
San Diego, California 92117
Phone: 858-750-7600

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN:   CLEAR RECON CORP. is either the original trustee, the duly appointed substituted trustee or the designated agent of the holder of the beneficial interest under a deed of trust dated 11/7/2006, executed by  ARDREDA JOHNSON, AS A SINGLE WOMAN, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR FIRST NLC FINANCIAL SERVICES, LLC ITS SUCCESSORS AND/OR ASSIGNS,  as beneficiary, recorded 11/20/2006, as Instrument No. 2006-0788066, of Official Records in the Office of the Recorder of  San Bernardino County, California, encumbering the land as fully described on said Deed of Trust

Said obligations including a promissory note for the principal sum of $388,500.00.  That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

 Installment of Principal and Interest plus impounds and/or advances which became due on 3/1/2011 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

CRC NOD 12312013

86

Trustee Sale No.: **P1370585-CA**  Title Order No.: **5524581**

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

CLEAR RECON CORP.

Date Executed: 4/11/2014     BY: _____

Kenneth W. Deede Authorized Signatory for Trustee
**CLEAR RECON CORP.**
**4375 Jutland Drive Suite 200**
**San Diego, California 92117**

Page 3 of 3

CRC NOD 12312013

87

# Declaration of Mortgage Servicer Pursuant to Civil Code § 2923.55(c)

Borrower(s):          ARDREDA JOHNSON
Mortgage Servicer:    PennyMac Loan Services
Property Address:     7352 STONEHAVEN PL
                      RANCHO CUCAMONGA  CA  91730

T.S.No.:              P1370585-CA

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☑ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☐ The requirements of Cal. Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in Civil Code § 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: __10/29/13__

By: _____

JANET PARK

**Default Specialist**

Page 1

88

LALEH ENSAFI, ESQ   SBN 268917
LAW OFFICES OF LALEH ENSAFI
15233 Ventura Blvd., Suite 220
Sherman Oaks, California 91403
Tel: (888) 503-2123
Fax: (888) 503-3123
Email: ensafilaw@gmail.com

Attorney for Plaintiff Ardreda Johnson

RECEIVED
JAN 14 2016

FILED
LOS ANGELES SUPERIOR COURT

MAR 02 2016

SHERRI R. C... ... EXECUTIVE OFFICER/CLERK
BY_____ Deputy
Mysty Mort

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

## STANLEY MOSK COURTHOUSE

| | |
|---|---|
| ARDREDA JOHNSON | Case No.  BC576027    Dept. 58 |
| Plaintiff, | |
| v. | [~~~~~~~~~] QUIET TITLE JUDGMENT |
| PENNYMAC CORP. ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive, | *Honorable Rolf M. Treu* |
| Defendants. | |

**GOOD CAUSE** having been shown and/or established by and through credible evidence, exhibits, declarations and/or oral testimony, Judgment Quieting Title is entered as follows:

The Court awards Judgment for Quiet Title as of the date of the filing of the First Amended Complaint, hereinafter referred to as FAC, September 25, 2015, as requested and pled by Plaintiff within the "General Allegations" of the FAC, pursuant to the Federal Truth in Lending Act, hereinafter referred to as TILA for, and in favor of Plaintiff, ARDREDA

I

**QUIET TITLE JUDGMENT**

*89*

JOHNSON, as to the Real Property, which is the subject of the instant action and fully described as the following:

LOT(S) 17 OF TRACT NO. 14407, IN THE CITY OF RANCHO CUCAMONGA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 248 PAGE(S) 14 THROUGH 19 INCLUSIVE, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY ON MAY 26, 1992. More commonly known as: 7352 Stonehaven Place, Rancho Cucamonga, CA 91730. Assessor's Parcel No. 0227-831-17-0-000 as against: DEFENDANTS, PENNYMAC CORP. ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-25, Inclusive.

**IT IS FURTHER ORDERED, AJUDGED AND DECREED:** That the Deed of Trust, the subject of this Instant Action recorded in the San Bernardino County Recorder's office on November 20, 2006, Instrument No. 2006-0788066 is hereby ordered Expunged, Cancelled, Set Aside and made Null and Void, Ab Initio, for all purposes.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:** A permanent Injunction is hereby issued against Defendants PENNYMAC CORP. ITS SUCCESSORS AND/OR ASSIGNS, any predecessors in interest, and any successors in interest to Defendants PENNYMAC CORP. ITS SUCCESSORS AND/OR ASSIGNS or to the Deed of Trust.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:** That Plaintiff shall recover no monetary damages.

**IT IS SO ORDERED.**

2

**QUIET TITLE JUDGMENT**

DATE: ___3-2-16___

_____
JUDGE OF THE SUPERIOR COURT

JOHN P. DOYLE, JUDGE

3

**QUIET TITLE JUDGMENT**

91

I certify that this is a true and correct copy of the
original_____ Judgment
on file in this office consisting of 3 pages.
SHERRI R  CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

MAR 1 1 2016

_____, Deputy

D. WADE

92

Electronically Recorded in Official Records, County of San Bernardino   12/27/2017   10:14 AM   FV

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
400  First American Title - Default

Doc #: **2017-0546981**

Titles:  1     Pages:  2

| Fees | 28.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 28.00 |

RECORDING REQUESTED BY
And When Recorded Mail To:

**CLEAR RECON CORP.**
**4375 Jutland Drive**
**San Diego, California 92117**
**Phone: 866-931-0036**

T.S. No. P1370585-CA
APN: 0227-831-17-0-000 AKA 1090-031-17

Space Above This Line For Recorder's Use

 5524581

# NOTICE OF TRUSTEE'S SALE

### Pursuant to CA Civil Code 2923.3
### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 11/7/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

On 1/23/2018 at 1:00 PM, CLEAR RECON CORP., as duly appointed trustee under and pursuant to Deed of Trust recorded 11/20/2006, as Instrument No. 2006-0788066, of Official Records in the office of the County Recorder of San Bernardino County, State of **CALIFORNIA** executed by:

**ARDREDA JOHNSON, AS A SINGLE WOMAN**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

**NEAR THE FRONT STEPS LEADING UP TO THE CITY OF CHINO CIVIC CENTER, 13220 CENTRAL AVE., CHINO, CA 91710**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

**Lot 208, Tract No. 8102, in the County of San Bernardino, State of California, as per Map recorded in Book 107 of Maps, Page(s) 5 to 14, inclusive, in the Office of the County Recorder of said County.**

The street address and other common designation, if any, of the real property described above is purported to be:
**7352 STONEHAVEN PLACE**
**RANCHO CUCAMONGA, CALIFORNIA 91730**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

CRC NOS 012914

93

T.S. No. P1370585-CA

## NOTICE OF TRUSTEE'S SALE

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$557,864.13**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(844) 477-7869** or visit this Internet Web site **WWW.STOXPOSTING.COM**, using the file number assigned to this case **P1370585-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION: **(844) 477-7869**

Date Executed: 12|14|17

CLEAR RECON CORP.

_____
,Authorized Signature
CHRISTINE DANKS
CLEAR RECON CORP.
4375 Jutland Drive
San Diego, California 92117

Page 2 of 2

CRC NOS 012914

94



FCI Lender Services, Inc.

*Loan Servicing • Specialty Servicing • Default*

Phone: 800-931-2424   Fax: 714-282-5775

01/23/2018

## NOTICE OF SERVICING TRANSFER

ARDREDA JOHNSON
7352 STONEHAVEN PL
RANCHO CUCAMONGA, CA 91730

**Loan #: 9160030262**
**Property: 7352 STONEHAVEN PL**
**RANCHO CUCAMONGA, CA, 91730**

Dear ARDREDA JOHNSON:

The servicing of your Promissory Note is being transferred, effective 01/22/2018. This means that after this date, a new Servicer will be collecting your Promissory Note payments from you. Nothing else about your Promissory Note will change.

PennyMac is now collecting your payments. PennyMac will stop accepting payments received from you on 01/22/2018. FCI Lender Services, Inc. will collect your payments going forward. FCI Lender Services, Inc. will start accepting payments received from you on 01/22/2018.

**Send all payments due on or after 01/22/2018 to FCI Lender Services Inc. at this address: PO BOX 27370, Anaheim, CA 92809-0112.**

If you have any questions for either your present servicer, PennyMac, or your new Servicer FCI Lender Services, Inc. about your Promissory Note or this transfer, please contact them using the information below:

| **Previous Servicer** | **Current Servicer:** |
|---|---|
| PennyMac | FCI Lender Services, Inc. |
| Customer Service | Customer Care Department |
| PO Box 30597 | Post Office Box 27370 |
| LOS ANGELES, CA, 90030 | Anaheim Hills, California 92809-0112 |
| 800-777-4001 (toll free or collect) | (800) 931-2424, x651 (toll free) |
| Hours of Operation: | Hours of Operation |
| Monday - Friday | Monday – Friday |
| 06:00 AM - 06:00 PM (Pacific Standard Time) | 08:00 AM – 05:00 PM (Pacific) |

Important Note about insurance: If you have mortgage life or disability insurance or any other type of optional insurance, the transfer of servicing rights may not affect your insurance because we have not serviced mortgage life or disability premiums. However, if you wish to retain optional insurance, we would suggest that you contact your current optional product service provider or your Lender.

Under Federal law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old Servicer on or before its due date may not be treated by the new Servicer as late, and a late fee may not be imposed on you.

Sincerely,
Customer Care Department
FCI Lender Services

5 Pages Total
WELCOME LETTER - 20140728



01/23/2018

**FCI Lender Services, Inc.**

*Loan Servicing  •  Specialty Servicing  •  Default*

Phone: 800-931-2424    Fax: 714-282-5775

## BORROWER WELCOME LETTER

ARDREDA JOHNSON
7352 STONEHAVEN PL
RANCHO CUCAMONGA, CA 91730

**Re Loan Number: 9160030262**
**Property: 7352 STONEHAVEN PL, RANCHO CUCAMONGA, CA 91730**

Dear ARDREDA JOHNSON:

**Welcome to FCI Lender Services, Inc. ("FCI") Loan servicing!** FCI is your Servicing Agent and is servicing your Promissory Note on behalf of your Lender/Creditor, **Crosby Capital USA LLC** (The "Creditor"). FCI is also a Debt Collector. Your Creditor has authorized FCI to process and collect your scheduled Promissory Note payments according to your Promissory Note and Security Instrument. A *Payment Statement* will be mailed or emailed to you on a regular basis. Please send your check with your account number written on it, plus the payment coupon from your statement (unless you have established an Automated Payments (ACH) debit program with FCI). You should review each *Payment Statement* carefully for accurate loan information. At year-end, an interest statement (IRS Form 1098) will be mailed to you for tax purposes. To view your account, and for other payment options, visit www.trustfci.com and click on "Borrower Payment Options" located at the top of FCI's web page.

### IMPORTANT BANKRUPTCY INFORMATION

**IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT.**

Your Creditor has provided FCI the following information regarding the Total Amount Due on your Promissory Note (the "Debt").

| | | | |
|---|---|---|---|
| Deferred Principal Balance: | $ 0.00 | Principal Balance: | $ 427,148.29 |
| Deferred Unpaid Interest: | $ 0.00 | Accrued Interest: | $ 59,610.92 |
| Deferred Late Charges: | $ 0.00 | Accrued Late Charges: | $ 348.10 |
| Deferred Loan Charges: | $ 0.00 | Other Amounts Due: | $ 0.00 |

**Amount of Debt:   $ 487,107.31**

**VALIDATION OF DEBT:** Unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by FCI as the Debt Collector. If you notify FCI in writing, within thirty days after receipt of this notice, that you dispute the Debt or any portion of the Debt, we will, as required by law, obtain and mail to you verification of the Debt and/or a copy of a Judgment against you. Upon your written request within the thirty-day period, FCI as the Debt Collector will provide you, as the consumer, with the name and address of the original creditor, if different from the current Creditor.

As of the date of this Notice, the Debt is **$ 487,107.31.** Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

**PLEASE BE ADVISED YOUR LOAN TERMS MAY BE ADJUSTED ONCE ALL LOAN DOCUMENTS HAVE BEEN RECEIVED AND/OR REVIEWED.**

**IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT FCI IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If you have any questions regarding the above information, please write or call FCI's Customer Care Center toll-free number at 1-800-931-2424 (x651) during normal business hours (Monday-Friday, 8:00 AM – 5:00 PM, PST). When calling, please reference your loan number.

Sincerely,
Customer Care Department
FCI Lender Services

5 Pages Total
WELCOME LETTER - 20140728

FCI Lender Services, Inc. • PO BOX 27370 • Anaheim • CA 92809-0112 • NMLS#4920 • BRE 01022780 • www.trustfci.com

96



FCI Lender Services, Inc.

01/23/2018

*Loan Servicing  •  Specialty Servicing  •  Default*

Phone: 800-931-2424   Fax: 714-282-5775

# *ANNOUNCING*

## FCI'S BORROWER LIVE LOGIN

FCI's live login gives Borrowers access to current Loan Information including:

Monthly Statements
Principal Balance
Payment History
Loan Charges
Payments Due

Use your Borrower Login to **make last minute Online Payments** that will be credited to your account based on the time submitted.  Simply click on "Express Payment" to make your loan payment for a small Express Payment fee.

Providing your loan is performing and current, you can also use your Borrower Login to **set up Automatic Payments (ACH)**, and not worry about sending in checks again.

Go to **www.trustfci.com** "Customer Login" and click on "Borrower Login" to set up your account.

Sincerely,
Customer Care Department
FCI Lender Services

5 Pages Total
WELCOME LETTER - 20140728

FCI Lender Services, Inc. • PO BOX 27370 • Anaheim • CA 92809-0112 • NMLS#4920 • BRE 01022780 • www.trustfci.com

97



**FCI Lender Services, Inc.**

01/23/2018

*Loan Servicing* • *Specialty Servicing* • *Default*

Phone: 800-931-2424   Fax: 714-282-5775

## Privacy Policy

ARDREDA JOHNSON
7352 STONEHAVEN PL
RANCHO CUCAMONGA, CA 91730

**Dear ARDREDA JOHNSON:**

At FCI Lender Services and our family of companies, we appreciate your business and the trust you have placed in us. We are committed to protecting the personal data we obtain about you. Please know that we do not sell your personal data. Please review the following details.

**What personal data we may collect about you?**
We may collect personal data about you to process your payments and to communicate with you regarding the status of your loan and payments. When required, we will obtain your consent before collecting it. The personal data may include:

Name and Address
Credit & Payment Data
Social Security number or taxpayer identification number

**What do we do with your personal data?**
We comply with Federal and State requirements related to the protection and use of your data. This means we only share data where we are permitted or required to do so. We also may be required to obtain your authorization before disclosing certain types of personal data. We may use your data for the following:

Process Loan and Payments
Respond to your requests
Comply with regulatory requirements
Prevent Fraud

We do not sell personal data about current or former customers or their accounts. We do not share your personal data for marketing purposes with anyone outside our family of companies. When affiliates or outside companies perform a service on our behalf, we may share your personal data with them. We require them to protect your personal data, and we only permit them to use your personal data to perform these services. Examples of outside parties who may receive your data are:

State or Federal Authorities
Other companies or service providers supporting your account

**How do we protect your personal data?**
In order to protect your personal data, we maintain physical, electronic, and procedural safeguards. We review these safeguards regularly in keeping with technological advancements. We restrict access to your personal data. We also train our employees in the proper handling of your personal data.

**Our commitment to keeping you informed.**
We will send you a Privacy Policy each year while you are our customer. In the event we broaden our data sharing practices, we will send you a new policy.

5 Pages Total
WELCOME LETTER - 20140728
FCI Lender Services, Inc. • PO BOX 27370 • Anaheim • CA 92809-0112 • NMLS#4920 • BRE 01022780 • www.trustfci.com

98



01/23/2018

**FCI Lender Services, Inc.**

*Loan Servicing • Specialty Servicing • Default*

Phone: 800-931-2424   Fax: 714-282-5775

### Automated Payments (ACH)
### Customer Authorization

**No more checks to write!**          **No more stamps!**          **No more forgotten payments!**

Save time & money by signing up for **Automated Payments.** Your monthly payment can be automatically deducted from your checking account on the same day each month using the Federal Banking System's ACH program. Simply complete the information below and attach a voided check. Return this information to:

| | |
|---|---|
| **FCI Lender Services, Inc.**<br>**Attention: Loan Servicing**<br>**PO BOX 27370**<br>**Anaheim, CA 92809-0112** | **Or Fax to:**<br>**714-282-5775** |

ARDREDA JOHNSON
7352 STONEHAVEN PL, RANCHO CUCAMONGA, CA 91730
(909)268-0506

Account/Loan #: 9160030262

### Banking Information

| Name of Primary Bank | Name on Account |
|---|---|
| Bank Representative | Bank Phone Number |
| Bank Routing Number (See Example Below) | Bank Account Number (See Example Below) |

*PLEASE PROVIDE COPY OF VOIDED CHECK*



I/We hereby authorize a monthly ACH electronic debit from the account designated above to be paid to FCI Lender Services, Inc., in payment of my/our monthly loan obligation, not to exceed the amount agreed to by me/us below. Provided however, if the required scheduled loan payment changes for any account related reason, this authorization will allow the debit amount to be adjusted accordingly.

I/We understand that should my/our bank dishonor my/our automated payment for insufficient or uncollected funds, the original amount, plus an additional NSF fee, as allowed by law, may be electronically debited from my/our account.

I/We authorize FCI to debit my/our account consistent with this Authorization until such time as I/we provide 15 days written notice to FCI of withdrawal of this Authorization.

I/We am aware that in the ecent the ACH transger fails for any reason, that I/We shall remain responsible for making the contractual payment(s) in a timely manner. It is futher understood that FCI shall not be liable for any damages or losses resulting from the failure of any ACH transfer.

**Note:** The ACH electronic **debit date** **can not be changed with less than 15 days written notice** prior to the next schedule debit date sent to FCI Lender Services, Inc. at the address or fax number above.

| Signature | Signature | Date |
|---|---|---|
| **Agreed Upon Amount and Terms**<br>My/Our account will be debited on the _____ day of each month or the next business day, if debit date falls on a weekend or holiday, starting ____/____/_____ .<br>Monthly Payment Amount $ 1,680.10. Total amount to be drafted from my/our account is _____ USD. On Date: ___/___/_____ | | |



# FCI Lender Services, Inc.

Customer Service: **(800) 931-2424**   Fax: 714-282-5775
Customer Information: www.trustfci.com NMLS #4920, BRE #01022780

Statement Date: 01/31/2018

## Demand Loan Payoff
From Borrower

| Borrower | | Servicer | |
|---|---|---|---|
| ARDREDA JOHNSON | | | FCI Lender Services, Inc. |
| 7352 STONEHAVEN PLACE | | | PO BOX 27370 |
| RANCHO CUCAMONGA CA 91730 | | | Anaheim CA 92809-0112 |
| Account: 9160030262 | | | 800-931-2424 |

You are authorized to use the following amounts to pay off the above mentioned loan. All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| | |
|---|---|
| **Payoff Date** | **2/5/2018** |
| Maturity Date | 2/1/2047 |
| Next Payment Due | 3/1/2011 |
| Interest Rate | 2.0000 % |
| Current Rate | 2.0000 % |
| Interest Paid to Date | 2/1/2011 |
| Unpaid Principal | $427,148.29 |
| Deferred Unpaid Principal | $0.00 |
| Accru. Int Balance from 2/1/2011 to 2/5/2018 | $82,463.35 |
| Unpaid Interest | $0.00 |
| Deferred Unpaid Interest | $0.00 |
| Unpaid Fees | $0.00 |
| Acc. Late Charges(Calculated through Payoff Date) | $348.10 |
| Unpaid Late Charges | $0.00 |
| Deferred Unpaid Late Charges | $0.00 |
| Unpaid Charges | $38,569.72 |
| Other Fees | $278.00 |
| Suspense Balance | $0.00 |
| Prepayment Penalty | $0.00 |
| OUTSTANDING FEES AND COSTS | $2,732.72 |
| **To Payoff Your Loan , Please Pay:** | **$551,540.18** |
| | |
| Daily Interest Amount (After 2/5/2018 ) | $23.73 |
| **\* Based on unpaid balance and unpaid charges combined.** | |

\*\*\* If a payment or payoff is not received during the payment grace period, a late charge will be included in payoff of the loan,

**Outstanding Checks:**

**Special Instructions:**

**Only Certified Funds, Wire Transfer or Title Company Check will be accepted**
**PLEASE CALL TO VERIFY PAYOFF AMOUNT AND FEES DUE, PRIOR TO ISSUING PAYMENTS.**

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff. **Please note this demand expires on 02/05/2018,** at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Please make your disbursement payable to: **FCI Lender Services, Inc.**

Sincerely,

*TR Hansen*

TR Hansen
FCI Lender Services, Inc.

*100*

Electronically Recorded in Official Records, County of San Bernardino    1/30/2018
10:24 AM
JC
**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
90B  Old Republic Ntnl Ins Title Co

Doc# **2018-0033096**



| Titles 1 | Pages 2 |
| --- | --- |
| Fees | 27.00 |
| Taxes | .00 |
| CA SB2 Fee | 75.00 |
| Others | .00 |
| Paid | 102.00 |

Recording Requested By:

And When Recorded Mail To:
OLD REPUBLIC
P.O. BOX 250
ORANGE, CA  92856

_____ Space above for Recorder's use _____

Customer#: 1/1   Service#: 57029AS1

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC, 3043 TOWNSGATE ROAD SUITE #330, WESTLAKE VILLAGE, CA  91361-0000, hereby assign and transfer to CROSBY CAPITAL USA LLC, 60 MADISON AVENUE - 11TH FLOOR, NEW YORK, NY 10010-0000, all its right, title and interest in and to said Deed of Trust in the amount of $388,500.00, recorded in the State of CALIFORNIA, County of SAN BERNARDINO Official Records, dated NOVEMBER 07, 2006 and recorded on NOVEMBER 20, 2006, as Instrument No. 2006-0788066, in Book No. ---, at Page No. ---. Executed by ARDREDA JOHNSON, AS A SINGLE WOMAN, as trustors, JEFFREY M. HENSCHEL, as trustee and, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST NLC FINANCIAL SERVICES, LLC, ITS SUCCESSORS AND ASSIGNS as the original beneficiary. Legal Description: **As more fully described in said Deed of Trust.**

Date: __1-18-18__

PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC BY: PNMAC CAPITAL MANAGEMENT, LLC ITS MANAGING MEMBER BY: PENNYMAC LOAN SERVICES, LLC, ITS ATTORNEY-IN-FACT

By: _____
    (Name,Title):     Adriana Santillan, Authorized Representative

## Accommodation

101

Srv#: **57029AS1**
Page 2

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the
> truthfulness, accuracy, or validity of that document.

State of   **CALIFORNIA**   }
County of   **VENTURA**   } ss.

On 1-18-18 _____, before me, Angie Morales ___, a Notary Public, personally appeared
Adriana Santillan _____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under
PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.
Witness my hand and official seal.

(Notary Name): __Angie Morales__

ANGIE MORALES
Notary Public – California
Ventura County
Commission # 2201014
My Comm. Expires Jun 11, 2021