Roy Z. Silva, Esq. (State Bar No.137483)
rsilva@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for Defendants
PENNYMAC LOAN SERVICES, LLC and
PENNYMAC MORTGAGE OPPORTUNITY
FUND INVESTORS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ARDREDA JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PENNYMAC LOAN SERVICES, LLC; PENNYMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC; FCI LENDER SERVICES, INC.; CROSBY CAPITAL USA LLC; CLEAR RECON CORP. AND DOES 1-10, INCLUSIVE,<br><br>　　　　Defendants. | Case No. EDCV17-02506 JGB (SHKx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS PENNYMAC LOAN SERVICES, LLC AND PENNYMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) and 12(b)**<br><br>Date:　April 16,  2018<br>Time:　9:00a.m.<br>Crtrm.:  1<br><br>The Hon. Jesus G Bernal<br><br>Trial Date:　　None Set |

1110822.1/81379.05007

1

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

**TO PLAINTIFF IN *PRO SE*:**

**PLEASE TAKE NOTICE** that on Monday, April 16, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, located at 3470 Twelfth Street Riverside, CA 92501-3801, defendants PennyMac Loan Services, LLC and PennyMac Mortgage Opportunity Fund Investors, LLC (collectively, "PennyMac"), will, and hereby do, move for an order to dismiss each of the six claims asserted against them (i.e., Claims One – Five and Seven) in the First Amended Complaint ("FAC") pursuant to Rules 9(b) and 12(b) of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that the allegations set forth in the FAC fail to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the previously filed Request for Judicial Notice (which was granted by the Court), all other papers, pleadings and records on file herein, and on such other matters as may properly come before the Court at oral argument or otherwise.

Pursuant to Local Rules 7-3 and 16-12(c), this Motion is exempt from the requirement of a preliminary conference of counsel, because plaintiff is appearing *pro se*. *See* L.R. 7–3 (stating that meet and confer does not apply to "cases ... listed as exempt in L.R. 16–12"); L.R. 16–12(c) (listing as among the exempted cases ones where the plaintiff is proceeding *pro se*).

1110822.1/81379.05007

2

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

DATED:  March 9 , 2018          THEODORA ORINGHER PC


By:   _Roy Z. Silva_
      _____
      Roy Z. Silva
      Attorneys for Defendants,  PENNYMAC
      LOAN SERVICES, LLC and
      PENNYMAC MORTGAGE
      OPPORTUNITY FUND INVESTORS,
      LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .............................................1

I.    INTRODUCTION ........................................................................................1

II.   LEGAL STANDARD...................................................................................3

III.  ARGUMENT................................................................................................4

    A.   The FDCPA Claim Is Defective on Multiple Grounds .........................4

        1.   Plaintiff Must Allege Facts Demonstrating That Investors' Security Interest Is Not Enforceable..............................................4

        2.   The Alleged Technical "Defect" Plaintiff Identifies Is Illusory .......................................................................................6

        3.   Any Alleged Failure to Strictly Comply with Section 1095 Does Not Automatically Render the 2012 Assignment Void......................................................................................9

        4.   Alleging a Defect in the Chain of Assignments Is Insufficient As a Matter of Law to State a FDCPA Claim.........11

        5.   The FAC Affirmatively Establishes the Validity of Investors' Security Interest .......................................................14

        6.   Even If Plaintiff Could Somehow Establish A Valid FDCPA Claim, It Would Be Time-Barred As to Two of the Three Supposed Violations...................................................15

    B.   The Court Should Dismiss the Remaining Claims Against Investors and PMLS for Lack of Subject Matter Jurisdiction. .............16

    C.   The Court Should Dismiss the HOBR Claims Asserted Against Investors and PMLS (Second and Third Claims for Relief) Because They Are Founded on the Unsound Proposition that Investors Sought to Enforce a Void Security Interest ........................16

    D.   The Misrepresentation Claim (Fourth Claim for Relief) Does Not Comply with FRCP 9(b) ....................................................................18

    E.   Plaintiff's Claim for Cancellation of Instruments (Fifth Claim for Relief) Is Merely a Request for a Remedy and Therefore Fails, Because It Is Not Based on Any Viable Substantive Claim.................20

    F.   Plaintiff's Unfair Competition Claim (Seventh Claim for Relief) Is Defective in Multiple Respects ....................................................21

        1.   The UCL Claim Fails to Distinguish Between the Defendants.............................................................................22

2.   Plaintiff Alleges No Facts Demonstrating that Either Defendant Engaged in Any of the Conduct Described in Paragraph 45 of Her FAC .......................................................22

3.   A UCL Claim Alleging Fraud Must Plead the Required Facts with Specificity, but Plaintiff Provides None ...................23

IV.   CONCLUSION ...............................................................................24

THEODORA ORINGHER
COUNSELORS AT LAW

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aceves v. U.S. Bank, N.A.*
(2011) 192 Cal.App.4th 218.............................................................................. 8

*Arias v. Select Portfolio Servicing, Inc.*,
2017 WL 6447890 (E.D. Cal. Dec., 18, 2017) ....................................7, 10, 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ 3

*Batiste v. Island Records, Inc.*
179 F3d 217 (5th Cir. 1999).........................................................................16

*Beck v. U.S. Bank, N.A.*,
2017 WL 6389330 (W.D.Wa. Dec., 14, 2017) .......................................12, 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................ 3

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001)........................................................................ 3

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011).....................................................................3, 20

*Californians For Disability Rights v. Mervyn's, LLC*
(2006) 39 Cal.4th 233 ..................................................................................22

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008)........................................................................ 3

*Committee on Children's Television, Inc. v. General Foods Corp.*
(1983) 35 Cal.3d 197 ....................................................................................22

*DeJong v. Nationstar Mortgage LLC.*,
2017 WL 3968539 (N.D.Cal. Sept. 7, 2017) ...............................................12

*Dimock v. Emerald Properties*
(2000) 81 Cal.App.4th 868............................................................................11

*Dowers v. Nationstar Mortg., LLC*,
852 F.3d 964 (9th Cir. 2017)..................................................................4, 5, 13

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*,
210 F.3d 983 (9th Cir.2000)..........................................................................18

*Fonteno v. Wells Fargo Bank, N.A.*
(2014) 228 Cal.App.4th 1358........................................................................8, 9

*Graham v. Bank of America, N.A.*
(2014) 226 Cal.App.4th 594.............................................................................21

*Hendrickson v. Popular Mortgage Servicing, Inc.,*
2009 WL 1455491 (N.D.Cal. May 21, 2009)..................................................19

*Hinrichsen v. Bank of America, N.A.,*
2017 WL 2992662 (S.D.Cal. July 14, 2017) .................................................5, 6

*Ho v. ReconTrust Co., N.A.,*
858 F.3d 568 (9th Cir. 2016)..........................................................................13

*Hodge v. Hodge*
(1967) 257 Cal.App.2d 31................................................................................10

*In re GlenFed, Inc. Sec. Litig.,*
42 F.3d 1541 (9th Cir. 1994)..........................................................................23

*In re Insurance Installment Fee Cases*
(2012) 211 Cal.App.4th 1395..........................................................................22

*In re Nelson,*
761 F.2d 1320 (9th Cir. 1985).......................................................................... 9

*Jenkins v. JPMorgan Chase Bank, N.A.*
(2013) 296 Cal.App. 4th 497..........................................................................12

*Khoury v. Maly's of Cal.*
(1993) 14 Cal.App.4th 612........................................................................22, 23

*Ladd v. County of San Mateo*
(1996) 12 Cal.4th 913 ....................................................................................18

*Lawson v. CitiCorp Trust Bank, FSB,*
2011 WL 3439223 (E.D.Cal. Aug. 5, 2011)...................................................21

*Lazar v. Superior Court*
(1996) 12 Cal.4th 631 ..................................................................................... 4

*Manouchehri v. HSBC Bank USA, N.A.,*
2018 WL 351904 (S.D.Cal. Jan. 9, 2018) ...................................................... 7

*Mary Juliet Ng v. U.S. Bank Tr., NA, et al.,*
2016 WL 3017648 (N.D.Cal. May 26, 2016).................................................13

*Mendoza v. JPMorgan Chase Bank, N.A.*
(2016) 6 Cal.App.5th 802 ..............................................................................13

*Mohammad Akhavein v. Argent Mortgage Co.,*
2009 WL 2157522 (N.D.Cal. July 17, 2009)................................................. 4

*Morrison v. Bowman*
(1865) 29 Cal. 337 .......................................................................................7, 8

THEODORA ORINGHER
COUNSELORS AT LAW

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

*Munger v. City of Glasgow Police Dept.*,
227 F3d 1082 (9th Cir. 2000)..............................................................................16

*Natividad v. Wells Fargo Bank, N.A.*
2013 WL 2299601 (N.D.Cal. May 24, 2013) ................................................. 8

*Nichols v. Keller*
(1993) 15 Cal.App.4th 1672.........................................................................18

*Nymark v. Heart Fed. Sav. & Loan Ass'n.*
(1991) 231 Cal.App.3d 1089 .......................................................................19

*Palmer v. MTC Financial, Inc.*,
2017 WL 2316180 (E.D.Cal. May 26, 2017) .....................................12, 13, 23

*People v. Toomey*
(1984) 157 Cal.App.3d 1.............................................................................22

*Pratap v. Wells Fargo Bank, N.A.*,
63 F. Supp. 3d 1101 (N.D. Cal. 2014)...........................................................13

*Reynolds v. County of San Diego*,
84 F3d 1162 (9th Cir. 1996).........................................................................16

*Saterbak v. JPMorgan Chase Bank, N.A.*
(2016) 245 Cal.App.4th 808...................................................................10, 12

*Schulz v. Neovi Data Corp.*
(2007) 152 Cal.App.4th 86...........................................................................22

*Somera v. Indymac Federal Bank, FSB*,
2010 WL 761221 (E.D.Cal. March 3, 2010) ..................................................19

*Spencer v. DHI Mortgage Co.*,
2009 WL 1930161 (E.D.Cal. June 30, 2009) ................................................. 4

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007).......................................................................20

*U.S. Hertz, Inc. v. Niobrara Farms*
(1974) 41 Cal.App.3d 68.............................................................................11

*United States v. Aurora Las Encinas, LLC*,
2011 WL 13137312 (C.D.Cal. Sept, 8, 2011) ...............................................20

*United States v. United Healthcare Insurance Co.*,
832 F.3d 1084 (9th Cir. 2016).....................................................................20

*Watson v. Bank of America, N.A.*
2016 WL 6581846 (S.D.Cal. Nov. 7, 2016) ................................................. 8

*Watts v. Decision One Mortgage Co., LLC*,
2009 WL 2044595 (S.D.Cal. July 13, 2009) .................................................19

THEODORA ORINGHER
COUNSELORS AT LAW

1110822.1/81379.05007

v

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

*Wentzka v. Gellman,*
    991 F2d 423 (7th Cir. 1993)..............................................................................16

*Yazdanpanah v. Sacramento Valley Mortg. Group,*
    2009 WL 4573381 (N.D.Cal. Dec. 1, 2009)....................................................21

*Yvanova v. New Century Mortg. Corp.*
    (2016) 62 Cal.4th 919 ......................................................................................12

**STATUTES**

15 U.S.C. § 1635(a) ................................................................................................ 5

15 U.S.C. § 1635(b) ................................................................................................ 5

15 U.S.C. § 1635(f) ................................................................................................ 5

15 U.S.C. § 1692f(6)...................................................................................4, 6, 7, 13

15 U.S.C. § 1692f(6)(A) ....................................................................................4, 14

15 U.S.C. § 1692f(b)..............................................................................................15

15 U.S.C. § 1692k(d) .............................................................................................15

28 U.S.C. § 1367(c)(3) ...........................................................................................16

Cal. Bus. & Prof. Code §§ 17200 et seq................................................................21

Cal. Civ. Code § 1095...................................................................................2, 7, 8, 9

Cal. Civ. Code § 2924(a)(6) ...................................................................................17

Cal. Civ. Code § 2924.17 .......................................................................................17

Cal. Civ. Code § 2934(a)(1)(A) and (C)................................................................17

Cal. Civ. Code § 2934a(d) .....................................................................................11

Cal. Civ. Code § 3412.............................................................................................21

NRS § 107.086 ........................................................................................................ 5

NRS § 107.086(2)(c)............................................................................................... 5

NRS § 107.086(2)(d)(1)-(2) ................................................................................... 5

**RULES**

Fed. R. Civ. P.  9(b) .................................................................................. 3, 18, 19, 20

THEODORA ORINGHER
COUNSELORS AT LAW

Fed. R. Civ. P. 12(b) ...........................................................................................24

Fed. R. Civ. P. 12(b)(6)......................................................................................... 3

THEODORA ORINGHER
COUNSELORS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This is yet another lawsuit by a homeowner who has defaulted on her mortgage and is attempting to use the legal system to delay – and, if possible, prevent – foreclosure, despite the lack of any legal basis to do so.

By plaintiff's own admission, she has not paid her mortgage in almost seven years.  (original Complaint, p. 11:1-7).  Plaintiff does not dispute that she is in default of her obligations or that the lienholder is contractually entitled to foreclose on her property (the "Property").  Nevertheless, plaintiff has filed serial lawsuits in State and Federal court[1] arguing that there is a technical defect in the assignment whereby the foreclosing lienholder, defendant PennyMac Mortgage Opportunity Fund Investors, LLC ("Investors"), acquired its security interest.  In plaintiff's view, this supposed defect (which, in any event, is non-existent) renders Investors' security interest "void."  Proceeding from that premise, plaintiff asserts a variety of state law theories as well as a claim for "unfair debt collection" under federal law.[2]  Specifically, plaintiff argues that Investors and its servicer, defendant PennyMac Loan Services, LLC ("PMLS") have violated the  Fair Debt Collection Practices Act ("FDCPA") by seeking to enforce a "void" security interest.

The First Amended Complaint ("FAC") fails to provide any factual basis for that claim.  In fact, the FAC affirmatively establishes the opposite: the exhibits to

---

[1] Previously, plaintiff filed an unsuccessful lawsuit in California State Court alleging, among other things, that another PennyMac entity violated California's unfair debt collection practice statute (the Rosenthal Act), by seeking to foreclose on the Property.  On October 27, 2017, the trial court entered judgment in favor of the PennyMac entity named in that lawsuit.  Request for Judicial Notice, Exh. 1.  Undeterred, plaintiff decided to see if a Federal Court might be more receptive to her debt collection theory.  The result is the present lawsuit.

[2] Plaintiff has elected to proceed with this action even though she was notified that Investors sold the loan shortly after plaintiff filed this action.

1110822.1/81379.05007

1

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

the FAC reflect a chain of assignments recorded in the official records of San Bernardino County by which Investors ultimately became the owner of the deed of trust on the Property (prior to subsequently transferring that interest). At the pleading stage, courts in the Ninth Circuit will accept these instruments as prima facie proof of the validity of a lienholder's security interest and will disregard a plaintiff's contradictory, conclusory allegations to the contrary.

That is what plaintiff offers here: conclusory allegations that the assignments are void. For instance, plaintiff attaches a 2011 assignment from the original lender to CitiMortgage and then states "Plaintiff adamantly disputes the contents of this instrument." (FAC, p. 12:24-25). Apparently, plaintiff believes that saying she disputes a legal document is sufficient to place its validity in question. Plaintiff also repeatedly labels various recorded instruments as "void," but fails to provide any adequate legal basis for that conclusion. Her argument that the instruments' signature blocks violate a statute governing the form of deeds, Cal. Civ. Code § 1095 ("Section 1095"), has been expressly rejected by multiple Ninth Circuit and California courts. As discussed below, those courts have uniformly held that identical signature blocks in similar documents comply with Section 1095 and, on that basis, have dismissed challenges just like the one plaintiff makes here.

Because plaintiff fails to allege facts sufficient to demonstrate that Investors' security interest is void (an essential element of her FDCPA claim), the Court should follow the lead of numerous other courts in the Ninth Circuit and dismiss her FDCPA claim. Further, the Court should decline to exercise subject matter jurisdiction over the rest of plaintiff's claims (all of which arise under California law), given that there is no longer any federal question at issue. This action does not belong in Federal Court. However, in the event the Court decides to evaluate plaintiff's various State law claims, the Court should rule that these claims – each of which is based on the notion that Investors' lien is "void" – fail to state a claim against Investors or PMLS.

## II.   LEGAL STANDARD

To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations "sufficient to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While "[a] complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "[a]sks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

In addition, a claim sounding in fraud must also meet the requirements of Rule 9(b).  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud."  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  This requires the party to state "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (internal citations and quotations omitted).

When asserting a fraud claim against a corporation, "the plaintiff's burden ... is even greater. ... The plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 (internal quotations and citations omitted); *see, also, Mohammad Akhavein v. Argent Mortgage Co.*, 2009 WL 2157522 (N.D.Cal. July 17, 2009); *Spencer v. DHI Mortgage Co.*, 2009 WL 1930161 (E.D.Cal. June 30, 2009).

## III.   ARGUMENT

### A.   The FDCPA Claim Is Defective on Multiple Grounds

#### 1.   Plaintiff Must Allege Facts Demonstrating That Investors' Security Interest Is Not Enforceable

Plaintiff's FDCPA claim alleges violation of 1692f(6). (FAC, ¶¶ 3-5, 9-10). That provision prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property *if...there is no present right to possession of the property* claimed as collateral through an *enforceable security interest*." 15 U.S.C. § 1692f(6)(A) (emphasis added).

Thus, to state a viable claim for violation of this provision, a plaintiff must allege specific facts demonstrating that the foreclosing defendant lacks a valid security interest and therefore has no right to possession of the property. Generally, courts in the Ninth Circuit applying Section 1692f(6) will deem that a plaintiff has adequately alleged an unenforceable security interest where the plaintiff pleads specific facts establishing one of the following situations:

i   (1) the lienholder has failed to satisfy a specific provision of law that is a prerequisite to enforcing the lien (*Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017))[3] or, alternately,

---

[3] In *Dowers,* the defendants allegedly proceeded with steps in the foreclosure

i (2) the security interest has been extinguished, rescinded or otherwise rendered void by operation of law (*Hinrichsen v. Bank of America, N.A.*, 2017 WL 2992662 (S.D.Cal. July 14, 2017)).

Here, plaintiff attempts to state a FDCPA violation by asserting the second prong, i.e., that Investors' lien is void by operation of law. The nature of the allegations required to state a claim under this prong is illustrated by *Hinrichsen, supra.* There, the plaintiffs alleged that the beneficiary of the deed of trust (the original lender) *agreed and acknowledged that the deed of trust was void* pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a) and (f).[4] Subsequently, the defendant, Bank of America ("BofA"), acquired the loan. Instead of acknowledging that the parties had rescinded the deed of trust, BofA recorded a notice stating the deed reconveying title to the plaintiff had been mistakenly

process even after the State of Nevada refused to issue the required Certificate of Foreclosure (a "FMP Certificate") – a statutory prerequisite to conducting a non-judicial foreclosure of an owner-occupied residential property. *Dowers*, 852 F.3d at 967. Pursuant to Nevada Revised Statutes ("NRS") § 107.086, the beneficiary of the deed of trust must, at the election of the borrower, participate in a mediation in good faith and produce certain documents and information as a condition to obtaining a FMP Certificate permitting a foreclosure sale. A sale may not be recorded unless the trustee records a FMP Certificate. NRS §§ 107.086(2)(d)(1)-(2), 107.086(2)(c) (a "trustee shall not exercise a power of sale ... unless the trustee ... [c]auses to be recorded [an FMP certificate stating either] that no mediation is required [or that] mediation has been completed in the matter"). In *Dowers*, the court noted that the Nevada "mediation office sent the parties a notice stating that, based on the mediator's recommendation, it would not issue a [FMP] Certificate." *Dowers*, 852 F.3d at 967.

[4] Specifically, the plaintiff alleged that he sent a letter to the original lender purporting to rescind the loan on grounds that the lender failed to make material disclosures in the loan transaction. *Hinrichsen*, at *1. The plaintiff further alleged that the lender did not contest the rescission, and a deed of reconveyance was recorded, fully reconveying the property to the plaintiffs. *Id.* Based on these facts, the plaintiff alleged that the deed of trust and promissory note became void pursuant to 15 U.S.C. § 1635(b).

1110822.1/81379.05007

5

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

recorded, and "[t]he obligation under the Note secured by the Deed of Trust was not and is not satisfied." *Id.*

In response, the plaintiffs sued BofA for, among other things, violating Section 1692f(6) by seeking to enforce a void security interest. BofA filed a motion to dismiss the claim, but the District Court concluded that the allegations of the complaint – which expressly alleged a completed, uncontested rescission of the deed of trust pursuant to TILA – sufficiently stated a claim that the security interest held by BofA was void. *Id.*, at \*3.

In this case, plaintiff is unable to allege anything remotely analogous to the rescission of the deed of trust in *Hinrichsen*. She therefore attempts to demonstrate that Investors was not the valid lienholder at the time of the relevant events by raising supposed defects in the chain of assignments by which Investors' obtained the deed of trust. This stratagem fails for three reasons. First, as set forth in Section III.A.2 below, the defects plaintiff identifies are illusory – both California and federal courts have upheld the validity of documents containing precisely the same feature plaintiff labels as "defective." Second, as set forth in Section III.A.3 below, the statute on which plaintiff relies does not render a non-complying document void under the circumstances present here. Third, courts in the Ninth Circuit have consistently ruled that the type of "defect" plaintiff alleges in the chain of assignments is insufficient as a matter of law to state a claim that the lienholder's security interest is unenforceable – an essential element to plaintiff's FDCPA claim. *See* Section III.A.4 below.

2. The Alleged Technical "Defect" Plaintiff Identifies Is Illusory

Plaintiff's FDCPA claim is based on the theory that Investors is not the bona fide beneficiary of the deed of trust, because of alleged defects in the chain of assignments. As alleged in the FAC, those assignments are as follows:

  i  In 2011, First National (the original lienholder) assigned the deed of trust to CitiMortgage (the "2011 Assignment") (FAC, p. 12:15-21); and

i    In 2012, CitiMortgage assigned the deed of trust to Investors (the "2012 Assignment") (FAC, p. 14:6-7).

As to the 2011 Assignment, plaintiff does not allege any defect in form or plead any extrinsic facts that would render it void.  Instead, she states only: "Plaintiff adamantly disputes the contents of this instrument."  (FAC, p. 12:24-25).  Plaintiff also alleges – without any factual support – that CitiMortgage "did not own" the debt.  (FAC, p. 14:12-13).   This Court may properly disregard these legal conclusions.  *Arias v. Select Portfolio Servicing, Inc.*, 2017 WL 6447890 (E.D. Cal. Dec., 18, 2017) at *7 (granting motion to dismiss claim for violation of Section 1692f(6) because the "plaintiff's allegations are wholly conclusory" and devoid of "factual allegations indicating that defendants lack the right to possess the property"); *Manouchehri v. HSBC Bank USA, N.A.*, 2018 WL 351904 (S.D.Cal. Jan. 9, 2018) at *2 (granting motion to dismiss claim for violation of Section 1692f(6) where the plaintiff "only offered conclusory allegations that his original loan was illegally table-funded").

Plaintiff's challenge to the second and final link in the chain of title (the 2012 Assignment from CitiMortgage to Investors) is based on a supposed technical defect in form.  According to plaintiff, the 2012 Assignment is defective because it was signed by CitiMortgage's attorney in fact (Javier Huancas) without indicating the name of his principal, thereby supposedly violating Cal. Civ. Code § 1095.  That statute governs the form of deeds signed by an agent on behalf of his principal:

> When an attorney in fact executes an instrument transferring an estate
> in real property, he must subscribe the name of his principal to it, and is
> own name as attorney in fact.[5]

---

[5] Enacted in 1872, Section 1095 codifies the California Supreme Court's holding in *Morrison v. Bowman* (1865) 29 Cal. 337, 352 requiring that a deed clearly distinguish between the grantor, on the one hand, and his agent who signs the deed, on the other hand ("the act performed must be in the name of the principal, or

THEODORA ORINGHER
COUNSELORS AT LAW

The 2012 Assignment (Exhibit G to the FAC) satisfies these requirements. The instrument identifies the owner of the deed of trust as CitiMortgage, Inc. in the first line of the document. As the Court can see, that instrument plainly indicates above the signature line that the assignor is "CitiMortgage, Inc." acting through its attorney-in-fact, Javier Huancas. The validity of Mr. Huancas' signature was attested by a notary (see notary stamp and signature at the bottom of Exhibit G).

Federal and California courts have uniformly upheld similar signature blocks in the face of challenges such as the one here. *See Fonteno v. Wells Fargo Bank, N.A.* (2014) 228 Cal.App.4th 1358, 1378 (no violation of Section 1095 where Substitution of Trustee contained signature block stating that the attorney in fact was acting on behalf of the owner of the trust deed); *Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 231 (finding that a lender's use of its attorney in fact to sign a "Substitution of Trustee" was not an irregularity in the foreclosure process where the trust deed did not preclude an attorney in fact from signing a Substitution of Trustee); *Watson v. Bank of America, N.A.* 2016 WL 6581846 (S.D.Cal. Nov. 7, 2016) at *19 (rejecting borrower's claim that assignment of trust deed was invalid and noting "It appears that BANA [holder of the trust deed] complied with section 1095 where Caliber Home Loans is named as BANA's attorney in fact and Caliber subscribed BANA's name on Assignment"); *Natividad v. Wells Fargo Bank, N.A.,* 2013 WL 2299601. (N.D.Cal. May 24, 2013) at *15 (finding a signature block complied with the requirements of Section 1095 even though "it is not perfectly clear whether 'Its Attorney in Fact' is meant to refer to First American or to Mr. Bourne [the individual signing the assignment]").

it will not bind him"). In *Bowman,* the court examined the deed at issue and concluded that it was not clear from the face of the deed that the person signing the deed was acting for the true owner (his father, who had the identical first and last name) where the father's name appeared only at the end of the deed, following the words "attorney in fact for [owner's name]."

1110822.1/81379.05007

8

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

Under these authorities, the violation of Section 1095 alleged in the FAC is illusory. In language directly applicable here, the *Fonteno* Court stated:

> [W]e find unpersuasive plaintiffs' argument that the substitution's signature block is defective, and the substitution void, because the name of the principal for which Sconyeye [the individual who signed the document] was acting is not identified. Plaintiffs rely on Civil Code section 1095 for their argument but, assuming it applies (defendants contend it does not), it requires only that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact." We agree with defendants that the signature block sufficiently indicates the signatory was acting for First American by identifying him as "its" attorney in fact. Therefore, the signature block is not defective.

*Fonteno, supra,* 228 Cal.App.4th at 1378.

Based on these authorities, the Court should rule that plaintiff has failed to plead facts sufficient to allege that the 2012 Assignment is void.

### 3. Any Alleged Failure to Strictly Comply with Section 1095 Does Not Automatically Render the 2012 Assignment Void

Even assuming for the sake of argument that the 2012 Assignment violated Section 1095, that violation would not render it void, for at least two reasons. First, nothing in the statutory language suggests that the Legislature meant to penalize non-compliance with the draconian result of rendering the transaction void in the circumstances present here, and no public policy suggests a reason to do so.

Second, courts applying Section 1095 have rejected the argument that a failure to comply with the statute automatically renders the underlying transaction void. For instance, in *In re Nelson*, 761 F.2d 1320, 1322-1323 (9th Cir. 1985), the Ninth Circuit recognized that a deed violating Section 1095 may nonetheless be

1110822.1/81379.05007

9

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

valid and enforceable, depending on the surrounding circumstances.  In that case, the court *enforced* the non-complying deed on the ground that third parties had relied on the transfer.  *Id.*

This result is in keeping with the trend of California law governing foreclosures, which treats defects in the alleged chain of assignment as merely voidable by the parties to the transaction – not void.  *See  Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815 and cases discussed in Section 4, below.  The handful of older cases in which courts have applied Section 1095 to render a transaction void are restricted to the narrow situation – not alleged here -- where the agent's failure to comply with Section 1095 was deliberate and constituted an essential element in a larger plan to defraud his principal and/or third parties.  *See, e.g.*, *Mitchell v. Benjamin Franklin Bond & Indem. Corp.* (1936) 13 Cal.App.2d 447 (fraud by agent who used the principal's property as security for his private business venture); *Hodge v. Hodge* (1967) 257 Cal.App.2d 31 (FAC, p. 13:24) (fraud by one spouse against the other).

Here, by contrast, there is no contention that Mr. Huancas (the agent of CitiMortgage who signed the 2012 Assignment) purposely disregarded the requirements of Section 1095 in furtherance of a scheme to defraud CitiMortgage, nor is CitiMortgage seeking to set aside the transfer.  Rather, plaintiff – a stranger to the 2012 Assignment – is seeking to escape her legal obligations by exploiting what she claims to be a mere technical defect in form.  No authority supports using Section 1095 to void the underlying instrument under these circumstances.

For all the reasons discussed above, Section 1095 does not render the 2012 Assignment void.  Plaintiff's bare conclusion to the contrary cannot prevent dismissal.  At the pleading stage, the Court is not required to accept as true plaintiff's conclusions of law – especially those that are plainly erroneous.  *Arias, supra,* at *7.  Accordingly, the Court should find that plaintiff has failed to

10

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

adequately plead that Investors' security interest is unenforceable.[6]

####     4.     Alleging a Defect in the Chain of Assignments Is Insufficient As a Matter of Law to State a FDCPA Claim

As discussed above, plaintiff's FDCPA claim against Investors and PMLS is premised entirely on the proposition that the 2012 Assignment violates Section 1095 and is therefore void. Based on that proposition, plaintiff asserts that Investors and PMLS violated Section 1692f(6) by attempting to enforce an invalid security interest. However, under the cases cited above, Section 1095 does not void the 2012 Assignment (even assuming for the sake of argument, the instrument was somehow defective – which it is not).

Plaintiff's inability to adequately plead that the 2012 Assignment is void means that she cannot state a viable FDCPA claim. Courts in this Circuit applying Section 1692f(6) have consistently refused to permit claims to proceed past the pleading stage where, as here, the borrower only alleges irregularities or defects in

---

[6] Plaintiff also purports to dispute the authority of the trustee through which Investors initiated the foreclosure process, namely Clear Recon Corp. ("CRC"). According to plaintiff, CRC was not the duly appointed trustee because the underlying Substitution of Trustee ("SOT") (attached to the FAC as Exhibit I) was executed by PMLS – not by the true creditor and owner of the promissory note. (FAC, p. 15:16-19). Since that allegation depends entirely on the meritless contention that the 2012 Assignment is void, it cannot withstand dismissal.

More fundamentally, plaintiff's argument regarding the SOT fails as a matter of law. Cal. Civ. Code § 2934a, subdivision (d) states: "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents.... Once recorded, the substitution shall constitute *conclusive* evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section." (Emphasis added). Under this code section, once the SOT was recorded, CRC was the proper trustee to notice and conduct the sale as a matter of law. *See Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 871. California law also provides that a party does not have standing to challenge a trustee substitution unless he or she can show prejudice. *U.S. Hertz, Inc. v. Niobrara Farms* (1974) 41 Cal.App.3d 68, 85.

THEODORA ORINGHER
COUNSELORS AT LAW

the manner the loan was created or transferred.  The current state of the law was recently summarized by a sister District Court as follows: "[a]s a general matter in California, borrowers cannot raise any objections to assignments of the note and deed of trust." *DeJong, supra,* at \*3 *citing Yvanova v. New Century Mortg. Corp.* (2016) 62 Cal.4th 919, 927.[7]  Likewise, the California Court of Appeal recently acknowledged the "emerging consensus that assignments, which allegedly violate PSA's [purchase and sale agreements] and federal law are voidable rather than void, and as a result, borrowers do not have standing to challenge late transfers or other defects." *Mendoza*, 6 Cal.App.5th at 815.  *See, also, Palmer v. MTC Financial, Inc.*, 2017 WL 2316180 (E.D.Cal. May 26, 2017) at \*\*5-6 (alleged improprieties in assignment of the deed of trust were insufficient to establish that the lienholder's security interest was invalid); *DeJong v. Nationstar Mortgage LLC.*, 2017 WL 3968539 (N.D.Cal. Sept. 7, 2017) at \*3 (same); *Manouchehri, supra* at \*2 (allegation that the original loan may have been illegally funded did not render the lienholder's security interest invalid under the FDCPA ); *Beck v. U.S. Bank, N.A.*, 2017 WL 6389330 (W.D.Wa. Dec., 14, 2017) at \*\*5, 10 (dismissing FDCPA claim

---

[7] In *Yvanova*, the California Supreme Court distinguished between: 1) claims by borrowers arguing that the foreclosing lienholder's interest is void, on the one hand; and 2) claims by borrowers alleging that the foreclosing lienholder's interest is merely voidable, on the other hand.  The *Yvanova* Court permitted borrowers to challenge the lienholder's security interest as void, *but only by bringing a wrongful foreclosure action after foreclosure had occurred.  Yvanova*, 62 Cal.4th at 924.  The court left undisturbed the settled rule that borrowers may not bring *pre-foreclosure* challenges alleging that the lienholder's security interest is void.  *Saterbak, supra*, at 815; *Mendoza, supra,* 6 Cal.App.5th at 815.  This prohibition is based on Constitutional considerations of separation of powers: permitting borrowers to challenge the authority of the lienholder to foreclose "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by  the California Legislature." *Saterbak*, *supra*, at 814 *quoting Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 296 Cal.App. 4th 497, 513 (*disapproved on other grounds* in *Yvanova*, *supra*, 62 Cal.4th at 939 fn. 13).

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

alleging invalid security interest on the ground that the borrower, as a non-party to the allegedly defective assignment of the deed of trust, lacked standing to raise the defects).

As the above-cited cases demonstrate, a borrower cannot state an FDCPA claim by alleging – as plaintiff does here – that the lienholder's security interest is unenforceable due to defects or illegality in the manner the deed of trust was initially created or subsequently assigned. Rather, any such alleged defects at most render the underlying assignments voidable *by the parties* – not by the borrower, who is a stranger to the transactions and has no standing to challenge them. *Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, at 811. Consistent with the above-cited authorities, the Court should dismiss plaintiff's First Claim for Relief alleging a violation of the FDCPA.[8] *See Palmer, supra,* at \*6 ("[P]laintiffs have not adequately pled that the deed of trust in question was void. For this reason alone, th[e] claim [for violation of Section 1692f(6) of the FDCPA] is subject to dismissal").

---

[8] Although plaintiff entitles her First Claim for Relief as "Violation of 15 U.S.C. § 1692f(6) (Complaint, p. 17:1 and ¶ 3), she sprinkles her Complaint with random allegations that defendants also violated several other provisions of the FDCPA (Complaint, ¶¶ 2, 5, 7, and 10-12). As the Ninth Circuit held in *Dowers*, 852 F.3d at 970-971, these provisions do not apply to an entity enforcing a security interest, such as defendants here. *See, also*, *Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 573 (9th Cir. 2016) (trustee of a deed of trust was not a debt collector under the FDCPA because "an entity does not become a 'debt collector' if its 'only role in the debt collection process is the enforcement of a security interest'"); *Mary Juliet Ng v. U.S. Bank Tr., NA, et al.*, 2016 WL 3017648, at \*4 (N.D.Cal. May 26, 2016) ("A mortgage servicer or the assignee of a debt is not a 'debt collector' under the FDCPA." (citing cases)); *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113-14 (N.D. Cal. 2014) (dismissing FDCPA claim with prejudice because neither mortgage company, assignee of debt, nor mortgage servicing company were debt collectors within the meaning of the FDCPA).

1110822.1/81379.05007

13

5.   <u>The FAC Affirmatively Establishes the Validity of Investors'</u>
<u>Security Interest</u>

Not only does the FAC fail to allege facts sufficient to challenge Investors' right to foreclose, but the exhibits to the FAC establish the opposite: that Investors held a valid security interest at all relevant times.  Specifically, plaintiff has attached to her FAC each of the documents establishing the chain of title from the original lienholder to Investors – documents duly recorded in the official records of San Bernardino County:

- i   First, plaintiff attaches as Exh. D the 2011 Assignment of the deed of trust from First National (the original lienholder) to CitiMortgage, which was executed on May 23, 2011 and recorded June 8, 2011.[9]
- i   Second, plaintiff attaches as Exhibit G the the 2012 Assignment by which  CitiMortgage assigned the deed of trust to Investors, which was executed on February 6, 2012 and recorded on February 15, 2012.

Where, as here, a plaintiff attaches official records on public file establishing the chain of title, courts in the Ninth Circuit will presume the validity of those documents absent specific factual allegations demonstrating that the alleged transfer is void as a matter of law.  *DeJong, supra,* at *3 (granting dismissal of FDCPA claim and disregarding allegations that the assignment to the defendant is invalid where "the documents attached to the complaint detailing the assignments of the deed of trust and substitution of trustee suggest that defendants have the authority to initiate a foreclosure action on the Subject Property"); *Beck, supra,* at *10 (same).

The *Beck* case is instructive.  There, the plaintiff alleged a claim under Section 1692f(6)(A), arguing that the assignments whereby the U.S. Bank, the foreclosing lienholder, obtained its security interest "were ineffective and deprived

_____

[9] As discussed above, plaintiff does not make any serious attempt to question the validity of the 2011 Assignment.

U.S. Bank of the right to foreclose on the property" – in other words, the identical theory plaintiff advances here. The District Court rejected that assertion as "implausible" in light of the documents plaintiff attached to the FAC:

> Plaintiffs' allegations are implausible because they are contradicted by the documents attached to the complaint. (*See* Compl. Exs. 1 [Deed of Trust] – 2 [Assignment to U.S. Bank]). Those documents, on their face, demonstrate that U.S. Bank has a present right to possession of the property at issue as collateral through an enforceable security interest. Consequently, the court cannot reasonably infer U.S. Bank's foreclosure actions to be within the provisions of Section 1692f(b), *see Daniels-Hall*, 629 F.3 at 998 (stating that the court is "not required to accept as true allegations that contradict exhibits attached") and dismisses Plaintiffs' FDCPA claims on this basis.

*Id.*

The same reasoning applies here. In light of the instruments she attaches to her FAC, plaintiff cannot plausibly challenge the validity of Investors' security interest.

> 6. Even If Plaintiff Could Somehow Establish A Valid FDCPA Claim, It Would Be Time-Barred As to Two of the Three Supposed Violations.

A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, two of the three violations defendants allegedly committed occurred well outside the one-year limitations period, namely:

    i   recording a Notice of Default *in 2014* (FAC, p. 16:4-5 and Exh. J); and

    i   recording a further Notice of Sale *in March, 2015* (FAC, p. 16:26-27 and Exh. K).

The most recent of these two violations of the FDCPA occurred nearly three years

1110822.1/81379.05007

15

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

before plaintiff filed the present action on December 18, 2017.  Accordingly, those supposed violations cannot serve as a basis for plaintiff's FDCPA claim.

**B.   The Court Should Dismiss the Remaining Claims Against Investors and PMLS for Lack of Subject Matter Jurisdiction.**

A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the sole federal claim.  28 USC § 1367(c)(3).  "In the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward *declining* to exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego,* 84 F3d 1162, 1171 (9th Cir. 1996) (emphasis added); *see also Wentzka v. Gellman,* 991 F2d 423, 425 (7th Cir. 1993).

The exception to this general rule is in the situation – not present here – where the court has invested great effort in the matter and a dismissal would require further duplicative proceedings in state court in delay.  *Batiste v. Island Records, Inc.,* 179 F3d 217, 227-228 (5th Cir. 1999); *Munger v. City of Glasgow Police Dept.*, 227 F3d 1082, 1088, fn. 4 (9th Cir. 2000); *Motorola Credit Corp. v. Uzan*, 388 F3d 39, 55-57 (2nd Cir. 2004).

Given that the sole federal claim against Investors and PMLS is the defective FDCPA claim, the Court should, upon dismissing that claim, exercise its discretion to dismiss the remaining claims against them for lack of federal subject matter jurisdiction under the authorities cited above.  However, if the Court elects to retain jurisdiction over the remaining state law claims, the Court should rule that none of them adequately state a claim against either Investors or PMLS.

**C.   The Court Should Dismiss the HOBR Claims Asserted Against Investors and PMLS (Second and Third Claims for Relief) Because They Are Founded on the Unsound Proposition that Investors Sought to Enforce a Void Security Interest**

For her Second and Third Claims for Relief, plaintiff asserts that all the defendants violated California's Home Owners' Bill of Rights ("HOBR").  Neither

claim is viable.

Plaintiff's Second Claim for Relief alleges a violation of two provisions of the HOBR, Cal. Civ. Code §§ 2924(a)(6) and 2924.17.  (FAC, p. 23:10-11) (heading of Second Claim for Relief).  These provisions state that "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest" (Civ. Code, § 2924(a)(6)), and that any recorded notice of default, assignment of a deed of trust, or substitution of trustee "shall be accurate and complete and supported by competent and reliable evidence."  (*Id.*, § 2924.17(a)).

According to plaintiff, defendants violated these provisions by "fail[ing] to provide an adequate chain of title that would demonstrate their authority to proceed with a non-judicial foreclosure."  (FAC, ¶ 25).  That assertion is simply a restatement of the argument that defects in the chain of assignments render Investors' security interest void.  Because plaintiff cannot adequately allege facts supporting that conclusion (see discussion in Sections III.A.2 and 3 above), the Second Claim for Relief fails.

Plaintiff's Third Claim for Relief is based on the provision of the HOBR governing substitutions of trustees, Cal. Civ. Code § 2934(a)(1)(A) and (C).  That provision states that a substitution of trustee must be signed by an entity that owns more than 50 percent of the note secured by the subject property.  Plaintiff alleges that Investors violated this provision by signing the SOT appointing CRC as the trustee (Exh. I), because Investors was not the bona fide owner of the note.  (FAC, ¶¶ 29, 32).  Once again, that theory depends on the unfounded notion that 2012 Assignment to comply with Section 1095.  Consequently, it falls along with the First and Second Claims for Relief.

THEODORA ORINGHER
COUNSELORS AT LAW

Plaintiff also alleges that the SOT is deficient in form on the grounds that (1) the name of the principal is not reflected in the SOT; and (2) the Power or Attorney itself is not attached to the SOT as (supposedly) required by Section 1095.  Neither argument has merit.

As to the first alleged "defect," the signature block of the SOT (Exh. I) states that the SOT is made by Investors through its Managing Member, PNMAC Capital Management LLC through its attorney-in-fact, defendant PennyMac Loan Services , LLC ("PMLS") and signed by PMLS' authorized representative, Brett Gernon. (Exhibit I, signature block).  Under the authorities cited in Section III.A.2 above, this format satisfies the requirements of Section 1095 as a matter of law.

The second alleged "defect" consists of Investors' failure to attach the Power of Attorney to the SOT.  However, Section 1095 does not contain any such requirement, nor does plaintiff cite any provision of California law imposing such a requirement.

**D.     The Misrepresentation Claim (Fourth Claim for Relief) Does Not Comply with FRCP 9(b)**

Plaintiff's Fourth Claim for Relief for negligent misrepresentation fails both as a matter of law and pleading.

First, plaintiff cannot establish the existence of a duty of care, an essential element of a claim for negligence. *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917; *see, also*, Cal Civ Code § 1714(a).  "The question of the existence of a legal duty of care ... presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir.2000).  "Absent the existence of duty ... there can be no breach and no negligence." *Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1683.

Courts in the Ninth Circuit recognize that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere

1110822.1/81379.05007

18

THEODORA ORINGHER
COUNSELORS AT LAW

lender of money." *Somera v. Indymac Federal Bank, FSB*, 2010 WL 761221 (E.D.Cal. March 3, 2010) at *5 *quoting Nymark v. Heart Fed. Sav. & Loan Ass'n.* (1991) 231 Cal.App.3d 1089.  Similarly, a loan servicer does not have a duty to a borrower when its involvement does not exceed the scope of its role as a mere loan servicing company. *See Watts v. Decision One Mortgage Co., LLC*, 2009 WL 2044595 (S.D.Cal. July 13, 2009); *Hendrickson v. Popular Mortgage Servicing, Inc.*,  2009 WL 1455491 (N.D.Cal. May 21, 2009).

Here, plaintiff alleges that defendants recorded public documents relating to Investors' security interest, sent plaintiff letters regarding the assignment of her mortgage loan, and communicated information to her "in order to induce her to pay [mortgage] payments to them." (FAC, pp.14:6-17:17 and ¶ 36)  – in other words, that defendants acted in their conventional roles as money lender/ loan servicer. *Somera, supra*, at *5.  Plaintiff does not allege any conduct or communication by either defendant that would create a duty of care towards her.  Accordingly, her negligence claim fails as a matter of law.

Further, even if plaintiff had a legal basis to assert a claim for negligent misrepresentation, she has failed to plead the elements of that claim with anything approaching the degree of particularity required under Rule 9(b).  Plaintiff's only description of the supposed misrepresentations consists of two terse sentences:

> … Defendants purposely provided Plaintiff with false information in order to induce her to pay payments to them in [sic] which they have no authority or right to collect …
>
> Furthermore, … Defendants are falsely misrepresenting the true creditor of the alleged debt.

(FAC, ¶¶ 36-37).

These allegations do not even begin to satisfy the requirements of Rule 9(b) which, as discussed in Section II above, require a plaintiff to plead facts establishing "the who, what, when, where, and how of the misconduct charged, as well as what is

false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso*, 637 F.3d at 1055.

Lastly, the Fourth Claim for Relief is defective on the additional ground that it does not identify with specificity what each defendant supposedly did wrong. It instead improperly treats both defendants as the same entity. But in fraud actions where there are multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together[.]" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see, also, United States v. Aurora Las Encinas, LLC*, 2011 WL 13137312, at *2 (C.D.Cal. Sept, 8, 2011) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to "defendants."). Rather, a plaintiff alleging claims sounding in fraud must differentiate his/her allegations and "inform each defendant separately of the allegations surrounding [their] alleged participation in the fraud." *Swartz,* 476 F.3d at 764-65. "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* at 765; *see, also, United States v. United Healthcare Insurance Co.*, 832 F.3d 1084 (9th Cir. 2016) (as amended) (finding that, even though the elements of a fraudulent scheme were adequately alleged, there were insufficient facts alleged to connect some defendants to those fraudulent actions).

For all of these reasons, the Court should dismiss from the Fourth Claim for Relief against Investors and PMLS .

### E.   Plaintiff's Claim for Cancellation of Instruments (Fifth Claim for Relief) Is Merely a Request for a Remedy and Therefore Fails, Because It Is Not Based on Any Viable Substantive Claim

Plaintiff's Fifth Claim for Relief is for cancellation of instruments. (FAC, ¶¶ 40– 43). In it, plaintiff requests that the Court cancel the purportedly invalid Deed of Trust, Substitution of Trustee, Notice of Default and Notice of Trustee's Sale." (*Id.*, ¶ 40).

California law provides for the cancellation of a written instrument when there is "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412.

A request for the cancellation of an instrument is an equitable remedy that depends upon a substantive basis for liability. *See Yazdanpanah v. Sacramento Valley Mortg. Group*, 2009 WL 4573381, at \*6 (N.D.Cal. Dec. 1, 2009) ("[T]he request to cancel [a written instrument] is a request for a remedy, not a cause of action or claim."); *see, also, Lawson v. CitiCorp Trust Bank, FSB*, 2011 WL 3439223, at \*7 (E.D.Cal. Aug. 5, 2011) (concluding that "cancellation of an instrument is an equitable remedy" and listing cases holding the same). Because plaintiff here presents no other viable claims for relief, she necessarily fails to assert a claim for cancellation of instruments as well. The Court should therefore dismiss plaintiff's Fifth Claim for Relief.

**F.    Plaintiff's Unfair Competition Claim (Seventh Claim for Relief) Is Defective in Multiple Respects**

Plaintiff's final claim against Investors and PMLS is brought under California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq. (the "UCL"). That claim must be rejected at the outset, because plaintiff failed to file or serve all of the charging allegations comprising that claim. As reflected in the Court's file, the first several paragraphs of the UCL claim are missing (the FAC jumps from page 30 to page 33 [electronically stamped by the clerk as "Page ID # 240" and "Page ID # 241]).

Assuming that the missing pages of plaintiff's FAC contain the same allegations comprising the UCL claim in the original Complaint, those allegations fail to state a claim as a matter of law. The UCL prohibits three categories of business acts or practices: unlawful, unfair or fraudulent. *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 610.

In her original Complaint, plaintiff based her claim for relief entirely on the

1110822.1/81379.05007

21

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

"fraudulent" prong of the UCL, which also appears to be the basis for the current version of her UCL claim as indicated by the incomplete text of FAC, ¶ 58 appearing on page 33 of the FAC.  If so, that claim fails for multiple reasons.

### 1.   The UCL Claim Fails to Distinguish Between the Defendants

Plaintiff's UCL claim makes no attempt to distinguish between the two defendants in this case.  Instead, plaintiff asserts her UCL allegations against the undifferentiated "Defendants," without alleging specific wrongful conduct of each defendant sued.  Plaintiff's failure to differentiate between the alleged misconduct of each defendant dooms her claim.  *Khoury v. Maly's of Cal.* (1993) 14 Cal.App.4th 612, 618; *see, also, Schulz v. Neovi Data Corp.* (2007) 152 Cal.App.4th 86, 92 (noting that a plaintiff must allege specific wrongful conduct of each defendant).  To the extent plaintiff seeks to hold one defendant vicariously liable and/or otherwise legally responsible in some manner for the alleged misconduct of any other defendant on a theory of agency or joint liability (FAC, p. 6:13 – 7:2), it is well-settled that the concept of vicarious liability has no application to actions brought under the UCL.  *See People v. Toomey* (1984) 157 Cal.App.3d 1, 14.

### 2.   Plaintiff Alleges No Facts Demonstrating that Either Defendant Engaged in Any of the Conduct Described in Paragraph 45 of Her FAC

"To state a cause of action for violation of the UCL under the 'fraudulent' prong, the plaintiff must show that members of the public are likely to be deceived." *In re Insurance Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1416, *citing Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211, superseded by statute on another point as stated in *Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 233, 227.

In her UCL cause of action, plaintiff alleges, in conclusory fashion, that defendants "are doing certain acts and practices, such as attempting to collect on a debt to which they have no right or authority, which are likely to deceive …"  (FAC,

1110822.1/81379.05007

22

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

¶ 58). That allegation is a reference to Investors' supposed attempt to enforce a void security interest. However, as discussed above, that claim fails as a matter of law, and therefore any UCL based on it is likewise defective. *Palmer, supra*, at *11 ("A UCL cause of action cannot be maintained if other causes of action based on the same factual allegations fail").

In an apparent attempt to hedge her bets, plaintiff inserts a laundry list of eleven generalized, boilerplate allegations setting forth types of misconduct allegedly committed by defendants. (FAC, ¶ 59 a) – k)). However, plaintiff alleges no specific facts demonstrating that either or both defendants actually engaged in any of the enumerated categories of conduct. "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury*, 14 Cal. App.4th at 619. Because plaintiff fails to provide any facts demonstrating that either defendant actually did any of the categories of conduct enumerated in Paragraph 45, the UCL claim is fatally defective.

### 3. A UCL Claim Alleging Fraud Must Plead the Required Facts with Specificity, but Plaintiff Provides None

Since plaintiff is alleging a UCL claim based on fraud, she "must state with particularity the circumstances constituting fraud or mistake." *Arias,* supra, at *8 (dismissing UCL claim because the "plaintiff has failed to provide any specificity regarding any element of fraud"). In other words, the UCL claim is subject to the same Rule 9(b) requirements as any other misrepresentation claim. *Id.* At a minimum, the plaintiff's UCL allegations "must describe facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading." *Id., citing In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Here, plaintiff does not allege any of these required facts. The UCL claim is therefore defective for this additional reason.

## IV.   **CONCLUSION**

Based upon the foregoing, defendants respectfully request that the Court dismiss the claims alleged in the FAC against them in their entirety pursuant to Federal Rules of Civil Procedure 9(b) and 12(b).  Alternately, the Court should dismiss the only claim based on federal law, the First Claim for Relief, and then dismiss the remainder of the action, which consists only of state law claims.

DATED:  March 9, 2018            THEODORA ORINGHER PC

By:   */s/ Roy Z. Silva*

Roy Z. Silva
Attorneys for Defendants,  PENNYMAC LOAN SERVICES, LLC and PENNYMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC

1110822.1/81379.05007

24

*DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 535 Anton Boulevard, Ninth Floor, Costa Mesa, CA 92626-7109.

On March 9, 2018, I served true copies of the following document(s) described as **NOTICE OF MOTION OF DEFENDANTS PENNYMAC LOAN SERVICES, LLC AND PENNYMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) and 12(b)** on the interested parties in this action as follows:

Ardreda Johnson                              Plaintiff *Pro Se*
7352 Stonehaven Place
Rancho Cucamonga, CA  91730
Telephone:  (909) 268-0506
Facsimile:  (909) 899-3881
ardreda@aol.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Theodora Oringher PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 9, 2018, at Costa Mesa, California.

_____
          /s/ Lisa Glatter
Lisa Glatter

1110823.1/81379.05007

*PROOF OF SERVICE*