JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-2506 JGB (SHKx)** | Date | April 24, 2018 |
|---|---|---|---|
| Title | ***Ardreda Johnson v. PennyMac Loan Services, LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING PennyMac Defendants' Motion to Dismiss (Dkt. No. 20); (2) GRANTING FCI Defendants' Motion to Dismiss (Dkt. No. 21); (3) DISMISSING the Case; and (4) VACATING the April 30, 2018 Hearings (IN CHAMBERS)

Before the Court are Defendants PennyMac Loan Services, LLC and PennyMac Mortgage Opportunity Fund Investors, LLC's (collectively, "PennyMac Defendants") Motion to dismiss and Defendants FCI Lender Services, Inc., Crosby Capital USA, LLC's (collectively, "FCI Defendants") motion to dismiss. (Dkt. Nos. 20, 21.) The Court determines the motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all documents submitted in support and in opposition to the motions, the Court GRANTS the motions, DISMISSES the case, and VACATES the April 30, 2018 hearings.

### I. BACKGROUND

On December 18, 2017, Plaintiff Ardreda Johnson filed a complaint against the PennyMac Defendants. (Dkt. No. 1.) Plaintiff then filed a First Amended Complaint on February 23, 2018 against the PennyMac Defendants and FCI Lender Services, Inc., Crosby Capital USA, LLC, and Clear Recon Corporation. ("FAC," Dkt. No. 15- 15-2.) Plaintiff brings seven causes of action: (1) violation of 15 U.S.C. § 1692(f)(6); (2) violation of California Civil Codes §§ 2924(a)(6), 2924.17; (3) violation of California Civil Code § 2934(a)(a)(1)(A)(C); (4) negligent representation; (5) cancellation of instruments; (6) violation of California Civil Code § 2923.5; and (7) violation of California Business & Professions Code §§ 17200, et seq. (See FAC.)

On March 9, 2018, the PennyMac Defendants moved to dismiss the six causes of action brought against them. ("PM Motion," Dkt. No. 20.) Plaintiff filed an opposition to the PennyMac Motion on March 26, 2018. ("PM Opposition," Dkt. No. 22.) PennyMac Defendants filed a reply on April 2, 2018. ("PM Reply," Dkt. No. 23).

Also on March 26, 2018, the FCI Defendants moved to dismiss the seven claims against them. ("FCI Motion," Dkt. No. 21.) Plaintiff opposed the FCI Motion on April 9, 2018. ("FCI Opposition," Dkt. No. 26.) The FCI Defendants replied on April 13, 2018. ("FCI Reply," Dkt. No. 29.)

On April 10, 2018, Clear Recon Corporation filed a declaration of its non-monetary status as trustee. (Dkt. No. 24.)

## II.   LEGAL STANDARD

The PennyMac and FCI Defendants move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). In considering a Rule 12(b)(6) motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint, and construes the pleadings in the light most favorable to the non-moving party. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.   DISCUSSION

Plaintiff's FAC alleges the following, which the Court accepts as true for the purposes of these motions:

On November 7, 2006, Plaintiff executed a Deed of Trust and Promissory Note in favor of First NLC Financial Services, LLC ("First NLC") secured by Plaintiff's property located at 7352 Stonehaven Place, Rancho Cucamonga, CA 91730 ("the Property"). (FAC at 3, 11.) Thereafter, First NLC sold the debt to other entities not named in this action. (Id. at 12.) In 2011, Plaintiff experienced financial hardship and fell behind on her mortgage payments. (Id.)

She subsequently defaulted on her loan, and it is contractually due for the February 1, 2011 payment.  (Id.)[1]

On May 23, 2011, the debt obligation was assigned to CitiMortgage, Inc. ("CitiMortgage").  (Id.)  Then, on June 15 or 16, 2011, CitiMortgage recorded a Notice of Default ("NOD") on the Property, and later a Notice of Trustee's Sale ("NOTS") on October 13, 2011.  (Id. at 13.)  However, the foreclosure sale was cancelled and did not occur.  (Id.)

Around September 8, 2011, Plaintiff received a letter from PennyMac Loan Services informing her the mortgage loan was sold to PennyMac Mortgage Opportunity Fund Investors, LLC.  (Id.)  Shortly after, around September 30, 2011, Plaintiff received a letter notifying her of the transfer of her loan to PennyMac Loan Services.  (Id.)  The Assignment of Deed of Trust to PennyMac Defendants from CitiMortgage was executed and recorded on February 6, 2012.  (Id. at 16; 2012 Assignment, FAC at 81.)  At the time of transfer, Plaintiff's debt obligation was due for the February 1, 2011 payment.  (FAC at 15.)  Then, on July 23, 2013, a substitution of trustee was executed and recorded against the Property, substituting Clear Recon Corporation ("Recon") as the trustee.  (Id.; 2013 Substitution, FAC at 83.)

On April 15, 2014, Recon and the PennyMac Defendants recorded an NOD on the Property.  (FAC at 16.)  Subsequently, on July 28, 2014 and January 2, 2015, Recon and the PennyMac Defendants recorded NOTSs on the Property.  (Id.)  However, these foreclosure sales did not occur.  (Id.)

In March 2, 2016, Plaintiff received a quiet title judgment on the Property in her favor from the Superior Court for Los Angeles County.  (Id. at 16; 2016 Judgment, FAC at 89-91.)  On October 27, 2017, the quiet title judgment was vacated, and Plaintiff's appeal remains pending.  (FAC at 17.)  On December 27, 2017, Recon and PennyMac Defendants recorded another NOTS on the property.  (Id. at 17; 2017 Notice of Trustee Sale, FAC at 93.)  The scheduled sale for January 23, 2018 did not occur.  (FAC at 17.)

On January 18, 2018, PennyMac Defendants executive an assignment of deed of trust to Crosby Capital USA.  (Id. at 18.)  On or around January 23, 2018, Plaintiff received a letter from FCI Lender Services advising that it was taking over the servicing of her loan.  (Id. at 17; 2018 FCI Letter, FAC at 95.)  At the time of transfer, the debt was contractually due for the February 1, 2011 payment.  (FAC at 17.)

PennyMac Defendants and FCI Defendants (collectively, "Defendants") move to dismiss all of Plaintiff's claims.

---

[1] In her FCI Opposition, Plaintiff notes she incorrectly cited the contractually due payment as February 1, 2011 instead of March 1, 2011.  (FCI Opposition at 3.)  While the Court is limited to the allegations in the Complaint for the purposes of this Motion, the March 1, 2011 date would not affect the Court's analysis.

### A. Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692f(6)

Plaintiff alleges Defendants violated 15 U.S.C. § 1692(f)(6) by "perpetrating as creditors and/or agents of creditors" and threatening to institute a non-judicial foreclosure action on Plaintiff's Property without the right to do so. (FAC at 20.) Defendants argue Plaintiff's FDCPA claim fails because their security interest is enforceable, the non-judicial foreclosure proceedings are not subject to the FDCPA, and two of the three alleged violations are outside the statute of limitations. (See PM Mot. at 4-8, 15; FCI Mot. at 4-7.)

Section 1692f regulates a debt collector's methods of collecting or attempting to collect any debt. 15 U.S.C. 1692f. As relevant here, § 1692f(6) prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; [or] (B) there is no present intention to take possession of the property. . ." 15 U.S.C. 1692f(6).

Contrary to FCI Defendants' arguments, (FCI Mot. at 6), although a non-judicial foreclosure is not an attempt to collect debt as defined by the FDCPA, for the purpose of § 1692f(6) a "debt collector" includes a security interest enforcer. Dowers v. Nationstar Mortg., LLC, 852 F.3d 964, 970 (9th Cir. 2017). In Dowers, the Ninth Circuit reversed the district court's dismissal of the plaintiffs' FDCPA claims after the district court found that the defendants' conduct was related to non-judicial foreclosure activity. Id. at 971. Therefore, Defendants' foreclosure activity does fall within the regulations of the FDCPA pursuant to § 1692f(6), under which Plaintiff brings her claim.

Nonetheless, the Supreme Court has recently established that Defendants are not "debt collectors" within the meaning of the FDCPA. In Henson v. Santander Consumer USA, Inc., 137 S. Ct. 1718 (2017), the Court considered whether an entity that purchased defaulted loans from the original lender fell within the ambit of the FDCPA. In holding such purchasing entities were not "debt collectors," the Supreme Court noted the difference between debt collectors seeking to collect debts owed to another and parties seeking to collect debts owed themselves. Id. at 1721. The Ninth Circuit has also recognized that creditors collecting debts on their own behalf are not debt collectors. Afewerki v. Anaya Law Grp., 868 F.3d 771, 774 n.1 (9th Cir. 2017). Accordingly, the dispositive issue is on whose behalf Defendants were attempting to collect the defaulted mortgage loan. As the Supreme Court in Henson noted in rejecting petitioners' argument that purchasers of defaulted debts are always debt collectors, one "ha[s] to attempt to collect debts owed another before you can ever qualify as a debt collector." 137 S. Ct. at 1724.

Here, a chain of assignments led to first PennyMac Defendants, then FCI Defendants owning Plaintiff's defaulted loan. CitiMortgage purchased the already defaulted loan from First NLC in May 2011. (Compl. at 12.) In September 2011, PennyMac Defendants purchased the debt, and finally in January 2018, FCI Defendants took over the loan. (Id. at 13, 18.) When PennyMac

Defendants recorded their NOD and NOTSs, they were attempting to enforce their own security interest. Similarly, when FCI Defendants wrote to Plaintiff advising her of their ownership of the loan, they were in the exact same position as the Henson defendant, attempting to collect on their own behalf. Therefore, the Court finds, in accordance with Henson, that neither PennyMac Defendants nor FCI Defendants are debt collectors within the ambit of the FDCPA, and Plaintiff's FDCPA claim against them fails as a matter of law.

Even assuming Defendants were debt collectors under the FDCPA, Plaintiff would still have to allege sufficient facts to show Defendants' security interest was void and conferred no "present right to possession" or "no present intention to take possession" of the Property. See Hinrichsen v. Bank of Am., N.A., 2017 WL 2992662, at *3 (S.D. Cal. July 14, 2017). Plaintiff alleges the chain of assignments of her mortgage loan is invalid, beginning with the initial transfer and recording to CitiMortgage. (See, e.g., FAC at 12.) Plaintiff alleges the subsequent transfer to PennyMac Defendants was invalid because it violated California Civil Code § 1095. (Id. at 14.) Hence, any subsequent transfers were also invalid. (See FAC at 15.)

First, Plaintiff's allegation regarding the invalidity of the transfer to CitiMortgage is wholly conclusory and without sufficient factual assertions to support her conclusion. Plaintiff only states she "adamantly disputes the contents of this instrument." (FAC at 12.) Without more, Plaintiff has not alleged sufficient facts to indicate the transfer was invalid. See Arias v. Select Portfolio Servicing, Inc., 2017 WL 6447890, at *7 (E.D. Cal. Dec. 18, 2017) (finding plaintiff's allegation that defendants had no right to possess the property too conclusory and insufficient to support her § 1692f(6) claim).

Second, the 2012 assignment to PennyMac Defendants did not violate California Civil Code § 1095. California Civil Code § 1095 states, "When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact." Cal. Civ. Code § 1095. Plaintiff alleges the transferring instrument did not subscribe the principal's name as required. (FAC at 14.) The assignment contains the signature of Javier Huancas "attorney-in fact" under the name CitiMortgage, Inc. (FAC at 81.) The document also has the seal of a notary, and the notary's statement that Huancas proved he executed the instrument in his authorized capacity. (Id.) Federal and California courts have upheld similar signature blocks as complying with § 1095. See, e.g., Natividad v. Wells Fargo Bank, N.A., 2013 WL 2299601, at *15 (N.D. Cal. May 24, 2013) (holding a signature block satisfied the requirements despite being "not perfectly clear" whether the signatory was acting as the attorney in fact for the entity or the individual); Fonteno v. Wells Fargo Bank, N.A., 228 Cal. App. 4th 1358, 1378 (2014) (holding signature block was not defective where it indicated the signatory was acting for the principal by identifying him as "its" attorney in fact). Any potential ambiguity as to whether the signatory acted as attorney-in-fact for CitiMortgage or Javier Huancas is eliminated by the notarized statement under penalty of perjury that Huancas executed the instrument on behalf of the entity in his authorized capacity. Therefore, the signature block is not defective, and the transfer is not invalid on this basis.

Third, Plaintiff's allegation the 2018 assignment to FCI Defendants was invalid for its noncompliance with the requirements of California Civil Code § 1095 similarly fails. (FAC at 20.) However, the instrument identifies PennyMac Defendants and "its attorney-in-fact" above the signature line. (FAC at 101.) Underneath the signature is "Adriana Santillan, Authorized Representative." (Id.) As noted above, similar signature blocks have been upheld as complying with § 1095. Thus, the Court concludes this 2018 assignment signature block is not defective.

In sum, Plaintiff's allegations of a fraudulent chain of assignment are unsubstantiated by the instruments themselves. Thus, her conclusions that Defendants have no right to possess or present intention to take possession the Property are inadequately supported. Plaintiff's allegations are insufficient to state a claim under § 1692f(6).

As Defendants are not debt collectors within the meaning of the FDCPA, and therefore Plaintiff cannot bring an FDCPA cause of action against them, amendment of the FAC would be futile. See Kendall v. Visa USA, Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). The Court GRANTS PennyMac Defendants' Motion and FCI Defendants' Motion to dismiss Plaintiff's FDCPA claim WITHOUT LEAVE TO AMEND.

### B. Supplemental Jurisdiction

Plaintiff's FDCPA claim is the sole federal cause of action. The Court has discretion to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). Nevertheless, where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Given the absence of any remaining federal claims and the early stage of litigation, the Court declines to exercise jurisdiction over the pendent state-law claims. See Carnegie-Mellon, 484 U.S. at 350 ("When the balance of the[] factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

### IV.   CONCLUSION

Based on the foregoing, the Court GRANTS PennyMac Defendants' Motion and FCI Defendants' Motion and DISMISSES the case. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**