Name ___ARDREDA JOHNSON___

Address ___7352 STONEHAVEN PLACE___

City, State, Zip ___RANCHO CUCAMONGA, CA 91730___

Phone ___(909) 268-0506___

Fax ___(888) 521-7542___

E-Mail ___ardreda@aol.com___

☐ FPD    ☐ Appointed    ☐ CJA    ☒ Pro Per    ☐ Retained

FILED

2018 JUL 12  PM 12: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDREDA JOHNSON | CASE NUMBER: |
| PLAINTIFF(S), | 5:17-cv-02506-JGB-(SHKx) |
| v. | |
| PENNYMAC LOAN SERVICES, LLC, ET AL | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ARDREDA JOHNSON_____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Granting Defendants' Motion to Dismiss

☐ Judgment (specify):

☒ Other (specify):
   Order Denying Plaintiff's Motion to Alter or
   Amend Judgment

Imposed or Filed on ___04/24/18 & 06/14/18___. Entered on the docket in this action on ___04/25/18 & 06/15/18___.

A copy of said judgment or order is attached hereto.

___July 12, 2018___

Date

Signature

☒ Appellant/ProSe    ☐ Counsel for Appellant    ☐ Deputy Clerk

**Note:**    The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 17-2506 JGB (SHKx)**          Date   April 24, 2018

Title   *Ardreda Johnson v. PennyMac Loan Services, LLC, et al.*

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order (1) GRANTING PennyMac Defendants' Motion to Dismiss (Dkt. No. 20); (2) GRANTING FCI Defendants' Motion to Dismiss (Dkt. No. 21); (3) DISMISSING the Case; and (4) VACATING the April 30, 2018 Hearings (IN CHAMBERS)**

Before the Court are Defendants PennyMac Loan Services, LLC and PennyMac Mortgage Opportunity Fund Investors, LLC's (collectively, "PennyMac Defendants") Motion to dismiss and Defendants FCI Lender Services, Inc., Crosby Capital USA, LLC's (collectively, "FCI Defendants") motion to dismiss. (Dkt. Nos. 20, 21.) The Court determines the motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all documents submitted in support and in opposition to the motions, the Court GRANTS the motions, DISMISSES the case, and VACATES the April 30, 2018 hearings.

## I.  BACKGROUND

On December 18, 2017, Plaintiff Ardreda Johnson filed a complaint against the PennyMac Defendants. (Dkt. No. 1.) Plaintiff then filed a First Amended Complaint on February 23, 2018 against the PennyMac Defendants and FCI Lender Services, Inc., Crosby Capital USA, LLC, and Clear Recon Corporation. ("FAC," Dkt. No. 15- 15-2.) Plaintiff brings seven causes of action: (1) violation of 15 U.S.C. § 1692(f)(6); (2) violation of California Civil Codes §§ 2924(a)(6), 2924.17; (3) violation of California Civil Code § 2934(a)(a)(1)(A)(C); (4) negligent representation; (5) cancellation of instruments; (6) violation of California Civil Code § 2923.5; and (7) violation of California Business & Professions Code §§ 17200, et seq. (See FAC.)

2

On March 9, 2018, the PennyMac Defendants moved to dismiss the six causes of action brought against them. ("PM Motion," Dkt. No. 20.) Plaintiff filed an opposition to the PennyMac Motion on March 26, 2018. ("PM Opposition," Dkt. No. 22.) PennyMac Defendants filed a reply on April 2, 2018. ("PM Reply," Dkt. No. 23).

Also on March 26, 2018, the FCI Defendants moved to dismiss the seven claims against them. ("FCI Motion," Dkt. No. 21.) Plaintiff opposed the FCI Motion on April 9, 2018. ("FCI Opposition," Dkt. No. 26.) The FCI Defendants replied on April 13, 2018. ("FCI Reply," Dkt. No. 29.)

On April 10, 2018, Clear Recon Corporation filed a declaration of its non-monetary status as trustee. (Dkt. No. 24.)

## II.    LEGAL STANDARD

The PennyMac and FCI Defendants move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). In considering a Rule 12(b)(6) motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint, and construes the pleadings in the light most favorable to the non-moving party. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.    DISCUSSION

Plaintiff's FAC alleges the following, which the Court accepts as true for the purposes of these motions:

On November 7, 2006, Plaintiff executed a Deed of Trust and Promissory Note in favor of First NLC Financial Services, LLC ("First NLC") secured by Plaintiff's property located at 7352 Stonehaven Place, Rancho Cucamonga, CA 91730 ("the Property"). (FAC at 3, 11.) Thereafter, First NLC sold the debt to other entities not named in this action. (Id. at 12.) In 2011, Plaintiff experienced financial hardship and fell behind on her mortgage payments. (Id.)

---

Page 2 of 6                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG

She subsequently defaulted on her loan, and it is contractually due for the February 1, 2011 payment. (Id.)[1]

On May 23, 2011, the debt obligation was assigned to CitiMortgage, Inc. ("CitiMortgage"). (Id.) Then, on June 15 or 16, 2011, CitiMortgage recorded a Notice of Default ("NOD") on the Property, and later a Notice of Trustee's Sale ("NOTS") on October 13, 2011. (Id. at 13.) However, the foreclosure sale was cancelled and did not occur. (Id.)

Around September 8, 2011, Plaintiff received a letter from PennyMac Loan Services informing her the mortgage loan was sold to PennyMac Mortgage Opportunity Fund Investors, LLC. (Id.) Shortly after, around September 30, 2011, Plaintiff received a letter notifying her of the transfer of her loan to PennyMac Loan Services. (Id.) The Assignment of Deed of Trust to PennyMac Defendants from CitiMortgage was executed and recorded on February 6, 2012. (Id. at 16; 2012 Assignment, FAC at 81.) At the time of transfer, Plaintiff's debt obligation was due for the February 1, 2011 payment. (FAC at 15.) Then, on July 23, 2013, a substitution of trustee was executed and recorded against the Property, substituting Clear Recon Corporation ("Recon") as the trustee. (Id.; 2013 Substitution, FAC at 83.)

On April 15, 2014, Recon and the PennyMac Defendants recorded an NOD on the Property. (FAC at 16.) Subsequently, on July 28, 2014 and January 2, 2015, Recon and the PennyMac Defendants recorded NOTSs on the Property. (Id.) However, these foreclosure sales did not occur. (Id.)

In March 2, 2016, Plaintiff received a quiet title judgment on the Property in her favor from the Superior Court for Los Angeles County. (Id. at 16; 2016 Judgment, FAC at 89-91.) On October 27, 2017, the quiet title judgment was vacated, and Plaintiff's appeal remains pending. (FAC at 17.) On December 27, 2017, Recon and PennyMac Defendants recorded another NOTS on the property. (Id. at 17; 2017 Notice of Trustee Sale, FAC at 93.) The scheduled sale for January 23, 2018 did not occur. (FAC at 17.)

On January 18, 2018, PennyMac Defendants executive an assignment of deed of trust to Crosby Capital USA. (Id. at 18.) On or around January 23, 2018, Plaintiff received a letter from FCI Lender Services advising that it was taking over the servicing of her loan. (Id. at 17; 2018 FCI Letter, FAC at 95.) At the time of transfer, the debt was contractually due for the February 1, 2011 payment. (FAC at 17.)

PennyMac Defendants and FCI Defendants (collectively, "Defendants") move to dismiss all of Plaintiff's claims.

---

[1] In her FCI Opposition, Plaintiff notes she incorrectly cited the contractually due payment as February 1, 2011 instead of March 1, 2011. (FCI Opposition at 3.) While the Court is limited to the allegations in the Complaint for the purposes of this Motion, the March 1, 2011 date would not affect the Court's analysis.

---

*4*

Case 5:17-cv-02506-JGB-SHK    Document 38    Filed 07/12/18    Page 5 of 12   Page ID
#:484
Case 5:17-cv-02506-JGE    HK   Document 31  Filed 04/24/18     ge 4 of 6   Page ID #:438

**A. Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692f(6)**

Plaintiff alleges Defendants violated 15 U.S.C. § 1692(f)(6) by "perpetrating as creditors and/or agents of creditors" and threatening to institute a non-judicial foreclosure action on Plaintiff's Property without the right to do so. (FAC at 20.) Defendants argue Plaintiff's FDCPA claim fails because their security interest is enforceable, the non-judicial foreclosure proceedings are not subject to the FDCPA, and two of the three alleged violations are outside the statute of limitations. (See PM Mot. at 4-8, 15; FCI Mot. at 4-7.)

Section 1692f regulates a debt collector's methods of collecting or attempting to collect any debt. 15 U.S.C. 1692f. As relevant here, § 1692f(6) prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; [or] (B) there is no present intention to take possession of the property. . ." 15 U.S.C. 1692f(6).

Contrary to FCI Defendants' arguments, (FCI Mot. at 6), although a non-judicial foreclosure is not an attempt to collect debt as defined by the FDCPA, for the purpose of § 1692f(6) a "debt collector" includes a security interest enforcer. Dowers v. Nationstar Mortg., LLC, 852 F.3d 964, 970 (9th Cir. 2017). In Dowers, the Ninth Circuit reversed the district court's dismissal of the plaintiffs' FDCPA claims after the district court found that the defendants' conduct was related to non-judicial foreclosure activity. Id. at 971. Therefore, Defendants' foreclosure activity does fall within the regulations of the FDCPA pursuant to § 1692f(6), under which Plaintiff brings her claim.

Nonetheless, the Supreme Court has recently established that Defendants are not "debt collectors" within the meaning of the FDCPA. In Henson v. Santander Consumer USA, Inc., 137 S. Ct. 1718 (2017), the Court considered whether an entity that purchased defaulted loans from the original lender fell within the ambit of the FDCPA. In holding such purchasing entities were not "debt collectors," the Supreme Court noted the difference between debt collectors seeking to collect debts owed to another and parties seeking to collect debts owed themselves. Id. at 1721. The Ninth Circuit has also recognized that creditors collecting debts on their own behalf are not debt collectors. Afewerki v. Anaya Law Grp., 868 F.3d 771, 774 n.1 (9th Cir. 2017). Accordingly, the dispositive issue is on whose behalf Defendants were attempting to collect the defaulted mortgage loan. As the Supreme Court in Henson noted in rejecting petitioners' argument that purchasers of defaulted debts are always debt collectors, one "ha[s] to attempt to collect debts owed another before you can ever qualify as a debt collector." 137 S. Ct. at 1724.

Here, a chain of assignments led to first PennyMac Defendants, then FCI Defendants owning Plaintiff's defaulted loan. CitiMortgage purchased the already defaulted loan from First NLC in May 2011. (Compl. at 12.) In September 2011, PennyMac Defendants purchased the debt, and finally in January 2018, FCI Defendants took over the loan. (Id. at 13, 18.) When PennyMac

---

Defendants recorded their NOD and NOTSs, they were attempting to enforce their own security interest. Similarly, when FCI Defendants wrote to Plaintiff advising her of their ownership of the loan, they were in the exact same position as the Henson defendant, attempting to collect on their own behalf. Therefore, the Court finds, in accordance with Henson, that neither PennyMac Defendants nor FCI Defendants are debt collectors within the ambit of the FDCPA, and Plaintiff's FDCPA claim against them fails as a matter of law.

Even assuming Defendants were debt collectors under the FDCPA, Plaintiff would still have to allege sufficient facts to show Defendants' security interest was void and conferred no "present right to possession" or "no present intention to take possession" of the Property. See Hinrichsen v. Bank of Am., N.A., 2017 WL 2992662, at *3 (S.D. Cal. July 14, 2017). Plaintiff alleges the chain of assignments of her mortgage loan is invalid, beginning with the initial transfer and recording to CitiMortgage. (See, e.g., FAC at 12.) Plaintiff alleges the subsequent transfer to PennyMac Defendants was invalid because it violated California Civil Code § 1095. (Id. at 14.) Hence, any subsequent transfers were also invalid. (See FAC at 15.)

First, Plaintiff's allegation regarding the invalidity of the transfer to CitiMortgage is wholly conclusory and without sufficient factual assertions to support her conclusion. Plaintiff only states she "adamantly disputes the contents of this instrument." (FAC at 12.) Without more, Plaintiff has not alleged sufficient facts to indicate the transfer was invalid. See Arias v. Select Portfolio Servicing, Inc., 2017 WL 6447890, at *7 (E.D. Cal. Dec. 18, 2017) (finding plaintiff's allegation that defendants had no right to possess the property too conclusory and insufficient to support her § 1692f(6) claim).

Second, the 2012 assignment to PennyMac Defendants did not violate California Civil Code § 1095. California Civil Code § 1095 states, "When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact." Cal. Civ. Code § 1095. Plaintiff alleges the transferring instrument did not subscribe the principal's name as required. (FAC at 14.) The assignment contains the signature of Javier Huancas "attorney-in fact" under the name CitiMortgage, Inc. (FAC at 81.) The document also has the seal of a notary, and the notary's statement that Huancas proved he executed the instrument in his authorized capacity. (Id.) Federal and California courts have upheld similar signature blocks as complying with § 1095. See, e.g., Natividad v. Wells Fargo Bank, N.A., 2013 WL 2299601, at *15 (N.D. Cal. May 24, 2013) (holding a signature block satisfied the requirements despite being "not perfectly clear" whether the signatory was acting as the attorney in fact for the entity or the individual); Fonteno v. Wells Fargo Bank, N.A., 228 Cal. App. 4th 1358, 1378 (2014) (holding signature block was not defective where it indicated the signatory was acting for the principal by identifying him as "its" attorney in fact). Any potential ambiguity as to whether the signatory acted as attorney-in-fact for CitiMortgage or Javier Huancas is eliminated by the notarized statement under penalty of perjury that Huancas executed the instrument on behalf of the entity in his authorized capacity. Therefore, the signature block is not defective, and the transfer is not invalid on this basis.

---

Case 5:17-cv-02506-JGB-SHK  Document 38  Filed 07/12/18  Page 7 of 12  Page ID
Case 5:17-cv-02506-JGL    HK  Document 31-86 Filed 04/24/18    ge 6 of 6  Page ID #:440
#:486

Third, Plaintiff's allegation the 2018 assignment to FCI Defendants was invalid for its noncompliance with the requirements of California Civil Code § 1095 similarly fails. (FAC at 20.) However, the instrument identifies PennyMac Defendants and "its attorney-in-fact" above the signature line. (FAC at 101.) Underneath the signature is "Adriana Santillan, Authorized Representative." (Id.) As noted above, similar signature blocks have been upheld as complying with § 1095. Thus, the Court concludes this 2018 assignment signature block is not defective.

In sum, Plaintiff's allegations of a fraudulent chain of assignment are unsubstantiated by the instruments themselves. Thus, her conclusions that Defendants have no right to possess or present intention to take possession the Property are inadequately supported. Plaintiff's allegations are insufficient to state a claim under § 1692f(6).

As Defendants are not debt collectors within the meaning of the FDCPA, and therefore Plaintiff cannot bring an FDCPA cause of action against them, amendment of the FAC would be futile. See Kendall v. Visa USA, Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). The Court GRANTS PennyMac Defendants' Motion and FCI Defendants' Motion to dismiss Plaintiff's FDCPA claim WITHOUT LEAVE TO AMEND.

**B. Supplemental Jurisdiction**

Plaintiff's FDCPA claim is the sole federal cause of action. The Court has discretion to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). Nevertheless, where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Given the absence of any remaining federal claims and the early stage of litigation, the Court declines to exercise jurisdiction over the pendent state-law claims. See Carnegie-Mellon, 484 U.S. at 350 ("When the balance of the[] factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS PennyMac Defendants' Motion and FCI Defendants' Motion and DISMISSES the case. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **EDCV 17-2506 JGB (SHKx)**                    Date   June 14, 2018

Title   *Ardreda Johnson v. PennyMac Loan Services, LLC, et al.*

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):                    Attorney(s) Present for Defendant(s):

None Present                                             None Present

Proceedings:    **Order (1) DENYING Plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 34); and (2) VACATING the June 25, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Ardreda Johnson's motion to alter or amend judgment. ("Motion," Dkt. No. 34.)  The Court determines the motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all documents submitted in support of, and in opposition to, the Motion, the Court DENIES the Motion and VACATES the June 25, 2018 hearing.

## I.  BACKGROUND

On December 18, 2017, Plaintiff Ardreda Johnson filed a complaint against PennyMac Loan Services, LLC and PennyMac Mortgage Opportunity Fund Investors, LLC's (collectively, "PennyMac Defendants").  (Dkt. No. 1.)  Plaintiff then filed a First Amended Complaint on February 23, 2018 against the PennyMac Defendants, FCI Lender Services, Inc. and Crosby Capital USA, LLC (collectively, "FCI Defendants"), and Clear Recon Corporation.  ("FAC," Dkt. No. 15- 15-2.)  Plaintiff alleged seven causes of action in the FAC: (1) violation of 15 U.S.C. § 1692f(6); (2) violation of California Civil Codes §§ 2924(a)(6), 2924.17; (3) violation of California Civil Code § 2934(a)(a)(1)(A)(C); (4) negligent representation; (5) cancellation of instruments; (6) violation of California Civil Code § 2923.5; and (7) violation of California Business & Professions Code §§ 17200, et seq. (See FAC.)

---

Page 1 of 3                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG

On March 9, 2018, the PennyMac Defendants moved to dismiss the six causes of action brought against them. (Dkt. No. 20.) FCI Defendants filed their motion to dismiss on March 25, 2018. (Dkt. No. 21.) On April 24, 2018, the Court granted the motions to dismiss and dismissed Plaintiff's claims without leave to amend. ("Order," Dkt. No. 31.) Judgment was entered against Plaintiff and in favor of all defendants on April 30, 2018. (Dkt. No. 33.)

On May 22, 2018, Plaintiff filed the instant Motion. (Dkt. No. 34.) FCI Defendants opposed the Motion on June 4, 2018. ("FCI Opp'n," Dkt. No. 35.) PennyMac Defendants also opposed the Motion on June 4, 2018. ("PM Opp'n," Dkt. No. 36.) Plaintiff did not file a reply.

## II.   LEGAL STANDARD

Plaintiff moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Motions for reconsideration are governed by both the Local Rules of the Central District and by the Federal Rules of Civil Procedure. Central District Local Rule 7-18, which governs motions for reconsideration in this district, provides that a motion for reconsideration may be made on the grounds of (a) a material difference in fact or law that could not have been known to the moving party at the time of the court's decision, (b) new material facts or a change of law occurring after the decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. L.R. 7-18.

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.   DISCUSSION

Plaintiff asserts the Court misconstrued the law in holding Defendants were not debt collectors within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. §§ 1692, et seq. (Mot. at 5.) As the Court noted in its Order, Henson v. Santander Consumer USA, Inc., 137 S. Ct. 1718, 1721 (2017) held that entities purchasing defaulted loans from the original lender are not "debt collectors" when they seek to collect debts on behalf of themselves. (Order at 4.)

Plaintiff's attempts to distinguish Henson are unavailing. Plaintiff argues Henson does not turn on whether a debt is in default, but whether the entity is a "post-repossession purchaser of defaulted debt." (Mot. at 7.) The Court finds no support for this distinction in Henson. At the outset of Henson, the Supreme Court noted the circuit split concerning whether an entity that purchased already defaulted debts qualified as a "debt collector" under the FDCPA and stated "it is to resolve this conflict that we took the case." Henson, 137 S. Ct. at 1721. Further, the Supreme Court directly contended with Plaintiff's argument that § 1692a(6)(F)(iii) exempts from the definition of "debt collector" certain entities that have obtained debts not yet in default,

therefore it includes entities purchasing defaulted debt. Id. at 1723-724. The Henson court rejected the assertion that debt purchasers are always debt collectors when they seek to collect defaulted debts, and noted the debt collector definition requires one "to attempt to collect debts owed *another* before [one] can ever qualify as a debt collector." Id. at 1724 (italics in original). Thus, Plaintiff's citation to Tibarassi v. Chase Home Financi, LLC, 2015 WL 1402016, at *8 (C.D. Cal. Mar. 24, 2015), wherein the court denied a motion to dismiss an FDCPA claim because the Plaintiff alleged the loan servicer treated his loan as if it were in default, is unhelpful as it was decided before Henson. In Henson, the Supreme Court addressed the circuit split and abrogated the very proposition at issue in Tibarassi and the numerous other cases Plaintiff cites in her Motion.

Plaintiff's Motion also ignores the entire second portion of the Order, in which the Court analyzes Plaintiff's FDCPA claim assuming Defendants were debt collectors within the ambit of the FDCPA. (Order at 5-6.) As the Court noted, Plaintiff's FDCPA claim still failed because her allegations of a fraudulent chain of assignments were unsubstantiated by the instruments themselves and rested on conclusory assertions. (Id. at 6.) Ultimately, the Court found amendment of Plaintiff's FAC futile. (Id.)

The Court determines no manifest error occurred. Accordingly, the Court DENIES Plaintiff's Motion.

## IV.   CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

*10*

## CERTIFICATE OF SERVICE

### Ardreda Johnson v. Pennymac Loan Services, LLC, et al
### United States District Court – Central District of California
### Case No. 5:17-cv-02506-JGB-(SHKx)

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 12223 Highland Avenue, #106-355, Rancho Cucamonga, California 91739. On July 12, 2018, I served the following document(s) by the method indicated below:

### NOTICE OF APPEAL

[ ]    by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below. The transmission was completed before the close of business and was reported complete and without error.

[ ]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Rancho Cucamonga, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[X]    BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Courts, Central District of California website https://ecf.cacd.uscourts.gov.

[ ]    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

[ ]    by personal delivery. I caused such envelope(s) to be delivered by hand to the addresses stated.
(See Attached Service List)

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 12, 2018, at Rancho Cucamonga, California.

Trina Patterson

1

**CERTIFICATE OF SERVICE**

*11*

## SERVICE LIST

Ardreda Johnson v. Pennymac Loan Services, LLC, et al
United States District Court – Central District of California
Case No. 5:17-cv-02506-JGB-(SHKx)

Authorized Agent for Defendants PENNYMAC LOAN SERVICES, LLC AND PENNYMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC

**Roy Z Silva**
Theodora Oringher PC
535 Anton Boulevard Suite 900
Costa Mesa, CA 92626
Tel: 714-549-6195
Fax: 714-549-6201
Email: rsilva@tocounsel.com

Authorized Agent for Defendant CROSBY CAPITAL USA LLC AND FCI LENDER SERVICES INC.

**Fred T Winters**
Aldridge Pite LLP
4375 Jutland Drive Suite 200
San Diego, CA 92117
Tel: 619-326-2446
Email: fwinters@aldridgepite.com

2

**CERTIFICATE OF SERVICE**