**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ARDREDA JOHNSON,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>PENNYMAC LOAN SERVICES, LLC; et al.,<br><br>    Defendants-Appellees. | No.   18-55945<br><br>D.C. No. 5:17-cv-02506-JGB-SHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Ardreda Johnson appeals pro se from the district court's judgment

dismissing her action alleging Fair Debt Collection Practices Act ("FDCPA") and

state law claims arising out of foreclosure proceedings.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a district court's dismissal under Federal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Johnson's FDCPA claims against PennyMac Mortgage Opportunity Fund Investors, LLC and Crosby Capital USA, LLC because Johnson failed to allege facts sufficient to show that these defendants were "debt collectors."  *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from definition of "debt collector" a creditor collecting debts on its own behalf); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 774 n.1 (9th Cir. 2017) ("Under the FDCPA, a creditor collecting debts on its own behalf is not a 'debt collector.'").

The district court properly dismissed Johnson's FDCPA claim under 15 U.S.C. § 1692f(6) because Johnson failed to allege facts sufficient to show that defendants sought to foreclose on behalf of an entity that did not have the present right to possession of the property through an enforceable security interest.  *See* 15 U.S.C. § 1692f(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Johnson's FDCPA claims under §§ 1692d, 1692e, 1692j, and 1692i because Johnson failed to allege facts sufficient to state plausible claims for relief.  *See* 15 U.S.C. §§ 1692d, 1692e, and 1692i and

18-55945

1692j; *Iqbal*, 556 U.S. at 678.

Contrary to Johnson's contention, the district court did not rule on defendants' request for judicial notice, and in any case, it would have not abused its discretion by taking judicial notice of state court records. *See United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (standard of review); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

Defendants' joint motion for summary affirmance (Docket Entry No. 7) is denied.

**AFFIRMED.**

3                                                                    18-55945